ADAMS *v.* SLATE & a.

The jurisdiction of county commissioners in the location of school-houses extends to towns not divided into districts.

BILL IN EQUITY, for an injunction to restrain the defendants, as selectmen of Winchester, from assessing and collecting a tax and building a school-house. The facts were found at length by a

justice of the court upon a hearing for a temporary injunction soon after the filing of the bill. The only legal question raised in the case is shown by stating that in March, 1885, the town of Winchester abolished the school-districts therein; that on June 3, 1886, the school board duly designated a location for a school-house in the town district; that more than ten legal voters made a petition to the county commissioners for a change of the location; that on August 6 the commissioners reported a change in the location, and designated the new lot; that on April 18, 1889, the selectmen, on petition, duly laid out the lot designated by the commissioners, and appraised the damage to the owner of the land taken, and on May 24, 1889, duly assessed upon the district a tax of $890.68 for building a school-house thereon. A warrant for the collection of this tax has been placed in the hands of the collector; and it is to restrain the collection thereof that the plaintiff, who is a tax-payer in Winchester, brings this bill.

*H. W. Brigham*, for the plaintiff.

*Defendants pro se.*

BLODGETT, J. The contention of the plaintiff, that the jurisdiction of county commissioners in the location of school-houses (G. L., c. 83, s. 6) extends only to towns divided into districts, is not well founded. The statute contains no such limitation, and none can be introduced without importing into it words which are not to be found there, or by giving to those used a meaning contrary to their natural signification. In the absence of any other legislative purpose appearing, the statute must be read as written. The legislature will be presumed to have intended what it said, and to have understood the significance of the language it used. But aside from such presumed intent and knowledge, no valid reason is apparent indicating the legislative purpose to have been to make any discrimination in the matter of the location of school-houses between the town system and the district system, nor is there any in principle; and as towns had the power to abolish the district system (Laws of 1870, c. 8) at the time this statute was enacted (Laws of 1871, c. 4), the great weight of extrinsic as well as intrinsic evidence is, that the legislature intended it should apply to both systems alike, and so made no exception. If, however, the intention was otherwise, and the statute is broader than its makers contemplated, relief must be afforded by legislative action, or not at all.

The location of the commissioners being valid, it was binding and conclusive upon the district for the period of five years (*Blake v. Orford*, 64 N. H. 299, 301–303); and as no want of regularity appears in the proceedings of the selectmen in appraising damages to the owner of the lot designated by the commissioners, or in

assessing upon the district a sufficient sum of money to build a school-house thereon, the plaintiff makes no case which entitles him to relief.

*Bill dismissed.*

CLARK, J., did not sit: the others concurred.