AYERS & a. v. SCHOOL DISTRICT OF CORNISH & a.

The power of a committee, appointed under Gen. Laws, c. 88, s. 2, for the location of a school-house, is not affected by a petition for the calling of a meeting to reconsider the vote appointing them, or by the calling of such a meeting, and a location made by them before the meeting is held is not invalidated by the district's vote to reconsider, or by its vote for a different location.

PETITION, filed October 20, 1891, for an injunction against building a school-house in Cornish school-district on the location fixed by the school board as a district committee, and, on appeal, by the county commissioners.

By vote of the district, March 10, 1891, the school board were empowered to locate and build the school-house. The school board, acting as a committee under the vote of the district, after hearing the parties interested, agreed upon a location May 23, 1891, laid it out by metes and bounds, made return of their doings in writ- "ing June 15, 1891, and filed the same with the clerk of the district July 3, 1891, before the district meeting held on that day was opened.

June 6, 1891, seventeen legal voters of the district petitioned the school board to call a school-meeting to see (1) if the school-district would reconsider the vote passed at the last meeting, that the school board be empowered to locate a school-house in division 10, and (2) if the district would by its vote fix upon a site and locate thereon a school-house for division 10. The meeting was called and held July 3, 1891, and the district voted (1) that the vote that the school board be empowered to locate a school-house in division 10 be reconsidered, and (2) that the school-house to be built in division 10 be located on the place of the old one.

June 19, 1891, fifteen legal voters of the district presented to the county commissioners their petition, setting forth that they were aggrieved by the location made by the school board, and praying them to determine the location. The commissioners gave due notice, heard the parties, and found that the petitioners were not aggrieved by the location made by the school board, and that the location should not be changed.

*Albert S. Wait* and *Edward D. Baker*, for the plaintiffs.

*Ira Colby* and *Hosea W. Parker*, for the defendants.

CARPENTER, J. The location by the school board acting as a committee chosen by the district was legally made and completed when their report was filed with the clerk. Gen. Laws, c. 88, s. 2. *Hardy* v. *Houston*, 2 N. H. 309; *Converse* v. *Porter*, 45 N. H. 385, 397, 399. The power of the committee to act was not affected by the petition for and the calling of the meeting of July 3. The location was established before the opening of the meeting, and was not invalidated by the subsequent vote of the district. In the absence of appeal, the location was binding on the district for the term of five years. Gen. Laws, c. 43, s. 6; *Blake* v. *Orford*, 64 N. H. 299, 301, 302.

The act of 1885 (Laws 1885, c. 43) contains no provision for locating school-houses. The authority conferred on the school board by section 6, to "provide schools . . . at such places and times as in their judgment shall best subserve the interests of education, and as shall give all the scholars of the town as nearly equal advantages as may be practicable," is not an authority to determine where the school-houses of the district shall be located.

The provisions of the General Laws (c. 88, ss. 2, 4, 5, and 6) relating to the location of school-houses are not inconsistent with and are not repealed by the act of 1885. *Adams* v. *State*, 65 N. H. 188.

The plaintiffs have no equitable ground of complaint. The county commissioners are the appellate tribunal provided by law to establish the location of school-houses. From their judgment there is no appeal. The plaintiffs had the opportunity to appear and presumably did appear before them and present fully the merits of the location they desired. They have had or might have had as full and fair a hearing as they could have had on an appeal to the commissioners from the district's vote of July 3, had that been the first action taken on the subject, and with the same result. It must be presumed that the commissioners gave due consideration to the location pointed out by the vote.

*Petition dismissed.*

ALLEN, J., did not sit: the others concurred.