Scholfield, Goodman & Co. vs. Succession of West et al.

## No. 10,835.

SCHOLFIELD, GOODMAN & CO. VS. SUCCESSION OF B. J. WEST ET AL.

When the privileges by which taxes are secured, are proscribed, such taxes become mere personal claims against the tax debtor, and mortgage creditors are not debarred from seizing and selling, nor the sheriff from executing title to the property, by reason of their non-payment. They cease to be "taxes due on the property" within the meaning of Sec. 3615, Revised Statutes, which must be construed in connection with other laws *in pari materia*.

APPEAL from the Civil District Court for the Parish of Orleans. Ellis, J.

*White, Parlange & Saunders* and *Carroll & Carroll* for Plaintiffs and Appellees:

In this case a rehearing is asked for on the ground that the brief filed on behalf of the plaintiffs did not set forth correctly the parties before the court, and did not call attention to the most important point in the case. The court was not correctly informed as to either the parties or the issues.

The opinion is based solely on Section 3615, Revised Statutes, which does not affect the case, having been repealed by Act 96 of 1877. Sutherland on Statutory Construction, Section 154, *et seq.*; 11 Wall. 83; 106 U. S. 396; 37 An. 578; 11 An. 470; 11 An. 489; 3 N. S, 236.

Even if Section 3615, Revised Statutes, were in force in 1887, nevertheless, this section should be construed so as to harmonize with other laws, and not in such a manner as to deprive plaintiffs of rights arising under other statutes of equal force and dignity, which protect mortgage creditors, and which can be reconciled with this section. 39 An. 115; 41 An. 128; 42 An. 1149; 42 An. 1201.

The contest is over a fund, the proceeds of a sale under foreclosure, between creditors claiming under a mortgage and the city of New Orleans, claiming under alleged tax privileges. The privileges are prescribed under Act 96 of 1877, and the mortgage creditor is entitled to be paid by preference.

---

*W. B. Sommerville*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, *contra:*

1. Payment of taxes on an erroneous assessment estops the owner of the property from contesting the validity of that assessment at any future time. Factors & Traders Insurance Co. vs. Levi, 42 An. 435; Carter, Congreve et al. vs. City, 33 An. 816; Lane vs. March, 33 An. 554; Reed vs. Creditors, 39 An. 115; 2 Desty on Taxation, pp. 628, 629; Carpenter vs. Town of Dalton, 58 N. H. 615.

2. City taxes are imprescriptible. Sec. 36, Act 96 of 1877; Act 26 of 1886; Suc. of Stewart, 41 An. 128; Suc. of Mercier, Ib. 1149; Rivers vs. City, Ib. 1201.

3. If it suits the convenience or pleasure of mortgage creditors to indulge the mortgagor, so that they may realize interest on their debt, they should not expect the city to lose its revenue through their tardiness or delay. Factors & Traders Insurance Co. vs. Levi, 42 An. 434.

---

### ON REHEARING.

The opinion of the court was delivered by

FENNER, J. The plaintiffs, mortgage creditors of the late B. J. West, seized and sold under executory process the property subject to their mortgage.

The price realized is not sufficient to pay the mortgage of plaintiffs. The property is encumbered by inscriptions of taxes due the city of New Orleans for numerous years, and the sheriff declined to proceed in execution of the adjudication until the conflicting claims between the plaintiffs and the city should be settled.

Thereupon the plaintiffs took this rule on the city to show cause why the inscriptions of these taxes, as liens and privileges on the property, should not be canceled and erased on the ground that said liens and privileges were prescribed.

Issue was joined, and after trial judgment was rendered rejecting plaintiffs' demand, so far as the taxes of 1888, 1889 and 1890 are concerned, and recognizing the superior privilege of the city

for the same, but making the rule absolute as to the taxes of former years.

From this judgment the city appeals. The right of the plaintiffs to purge the property of prescribed privileges, apparently priming their mortgage, is not questioned.

No objection is made to the mode of proceeding.

The city admits that the liens and privileges for taxes of 1887 and prior years are prescribed; therefore, we are relieved from the necessity of examining the question.

We can discover no possible force in the city's contention that plaintiffs must be denied relief because it was stipulated in their act of mortgage that the mortgagor should pay the accruing taxes. That stipulation imposed no duty on the mortgagees, added nothing to the legal duty of the mortgagor, and took away nothing from the rights of the city.

The city was entirely unaffected thereby.

The city further contends, as we understand it, that plaintiffs are entitled to no relief on account of the prescription of the privileges, because the taxes themselves are not prescribed, and Section 3615 of the Revised Statutes prohibits the sheriff from passing sale of the property "unless the State, parish and municipal taxes *due on the same* be first paid."

Pretermitting the question, much controverted in argument, as to whether Section 3615 remains in force or has been repealed by subsequent revenue laws, further reflection has convinced us that the terms "taxes due on the same," as used in the law, must be confined to taxes having a subsisting privilege on the property.

The privilege in favor of taxes, like all other privileges, is derived from the law.

The Code defines a privilege to be "a right which the nature of a debt gives to a creditor and which entitles him to be preferred before other creditors, even those who have a mortgage." C. C., Art. 3186.

The law granted this privilege to the city for its taxes; but the same law declares that the privilege should be prescribed by three years. If the law had not granted the privilege, the city would not have had the right to be preferred over mortgage creditors. While the privilege subsisted, the city had this right.

After the privilege was extinguished by prescription, the city lost the right.

To maintain the construction of Section 3615, contended for by the city, would render equally nugatory the laws granting privileges for taxes and those prescribing such privileges; for if, under that section, mortgages can in no event be satisfied until the taxes are first paid, it seems absurd and superfluous either to grant or to prescribe privileges for such taxes.

Obviously when the privileges for these taxes were prescribed the taxes became mere personal claims against the tax debtor, having no greater rights against this particular property than against any other property of the debtor   They were no more "*due on*" this property than on any other property.

Such taxes do not fall within the purview of Section 3615, which must be so construed as to harmonize with other laws referring to the same subject matter.

It is, therefore, ordered that our former decree herein be set aside, and it is now decreed that the judgment be affirmed.