THE STATE, CONRAD MULLER, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

1. A statutory direction that an assessment for benefits shall be levied upon each *separate* lot or parcel of land, or upon the *several* lots or parcels of land, does not authorize the assessors to levy distinct assessments upon the component parts of a tract of land which the owner has always treated as an entirety.

2. If it appear that commissioners, authorized to levy an assessment, for the construction of a sewer, upon an *entire* tract of land on which there are valuable buildings, have ignored the existence of the buildings and levied distinct assessments upon the parts of the tract, dividing it by lines which intersect the buildings, the court cannot infer that the benefit accruing to the entire tract is the aggregate of these distinct assessments.

On *certiorari.*

Argued at June Term, 1892, before Justices DIXON and WERTS.

For the prosecutor, *DeWitt Van Buskirk.*

For the defendant, *James P. Northrop.*

The opinion of the court was delivered by

DIXON, J.   This *certiorari* brings up an assessment, confirmed October 22d, 1891, for benefits derived from the construction of a sewer in West Twenty-second street from Avenue C westerly to Newark bay, in the city of Bayonne.

The prosecutor owns a plot of land extending about five hundred and sixty feet along West Twenty-second street from Newark bay to Avenue A, and being about one hundred and fifty feet in depth.   The property consists of a dwelling, a barn and other outhouses, and the surrounding grounds.   So far as it has been used during the last fifteen or twenty years, it has been used as one entire plot constituting a single residence; and it does not appear ever to have been divided by any act or consent of the owner.

In assessing this property, the commissioners have divided it into lots having a frontage of twenty-five feet on West Twenty-second street, except about one hundred and ten feet at the easterly end, which they have divided into lots having a frontage of about twenty-five feet on Avenue A.    The lines of some of these lots intersect every building upon the place, and the division is utterly inconsistent with the purposes to which the property has been devoted.  Upon each of these lots the commissioners have levied a distinct assessment.

Such an assessment is not according to the statute, nor is it reasonable.

Section 64 of the charter of the city of Bayonne (*Pamph. L.* 1872, *p.* 686) directs the commissioners to levy and report an assessment upon " each *separate* lot or parcel of land," and the general act of April 21st, 1876 (*Rev., p.* 713), requires it to be levied upon " the *several* lots or parcels of land."  These expressions are equipollent, and they denote each lot or parcel of land which its owner or possessor applies to or designs for a separate or several use.   In no other sense is one piece of land severed or separate from an adjoining piece belonging to the same owner.

The present assessment is also unreasonable.   If carried out to its statutory conclusion, by sale of each lot assessed, it would result in selling on one bid an almost valueless section of a valuable building, and on another bid another section of like character, so that the property of the owner would be destroyed by senseless division.   Such a sacrifice certainly the law does not sanction.    *Aldridge* v. *Essex Road Board,* 22 *Vroom* 166.

No doubt the commissioners, in determining the benefit derived by the entire tract, should take into consideration not only the uses made or contemplated by the owner, but also the uses which a wiser owner would contemplate, and may levy upon the tract an equivalent for the benefits received in view of such uses.   But whether the property shall be so divided as to realize these benefits is left to the discretion of the owner.

For this reason the present assessment is illegal.

This illegality, however, might be cured by levying upon the entire tract the aggregate of the several sums assessed, and, if the assessment appeared otherwise proper, it would be the duty of the court to apply this remedy, under the act of March 23d, 1881. *Pamph. L., p.* 194. But it is evident, from the equality of burden which the commissioners have imposed upon the equal areas marked out by them, that they have ignored the buildings upon the tract, and we cannot believe that these buildings are so valueless as to be unworthy of notice in considering the feasible uses of the property. It would be an unwarranted inference to conclude that the advantages resulting from the sewer to the tract, with its present improvements, are the same as would be the aggregate of benefits accruing to the lots designated by the commissioners, if the improvements did not exist; and yet this is the inference that must be drawn before we can impose on the whole tract the burdens which the commissioners have assigned to its component parts.

Unless the city shall apply to the court during the present term for proceedings under the act of March 23d, 1881, the assessment against the prosecutor will be set aside.

The prosecutor is entitled to costs.