## Commonwealth ex rel., Appellant, *v.* Crogan.

[Marked to be reported.]

*Municipalities—Officers—Street commissioner of Wilkes-Barre.*

The act of May 4, 1871, P. L. 539, incorporating the city of Wilkes-Barre, put an end to the official term of all borough officers, and extinguished or abolished their offices.

Under said act, which authorizes the mayor and council " to appoint and remove such officers as they may deem necessary to enforce the ordinances and regulations of the city," the street commissioner must be appointed by both mayor and council.

An ordinance signed by the mayor, giving to the councils alone authority to appoint the street commissioner, will not deprive a subsequent mayor of the power to participate in the appointment.

Argued April 12, 1893.    Appeal, No. 402, Jan. T., 1893, by plaintiff, Commonwealth ex rel. Garman, District Attorney of Luzerne county, v. Michael Crogan, from judgment of C. P. Luzerne Co., Dec. T., 1892, No. 210, sustaining demurrer to information.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Information for quo warranto.

The information was as follows : " Now, Nov. 1, 1892, comes John M. Garman, district attorney of said county, into court, and gives the court here to understand that by paragraph 22 of section 27 of the 'act to incorporate the city of Wilkes-Barre,' power is vested in the mayor and city council by their concurrent but not separate action to appoint such officers, not specially designated by law, as they may deem necessary to secure the peace, order and well-being of the city, and that the street commissioner is such an officer ; that the defendant, Michael Crogan, since the 4th day of April, A. D. 1892, has exercised the office and functions of street commissioner aforesaid without any warrant of law, for the reason that he was appointed to the said office on the day last mentioned, by the separate and exclusive action of the council of said city and pursuant to the second section of an ordinance entitled ' Officers,' approved March 22, 1878, and not by the concurrent action of the mayor and council.

" The relator prays, therefore, that a writ of quo warranto may be issued against the defendant to show by what authority he claims to exercise the office aforesaid."

Defendant filed a general demurrer. Judgment for defendant. Plaintiff appealed.

*Error assigned* was above order.

*S. J. Strauss, Henry A. Fuller* with him, for appellant.—The case at bar has no concern with the office created by act of 1806. It is concerned only with the office created by act of 1871. Defendant was not appointed to exercise, and has not exercised, the office and functions of " two persons to act as street commissioners," which the old town council, by borough charter, were empowered to appoint, but as one person as street commissioner, whose appointment by city charter is unmistakably vested in mayor and city council.

The act of 1806, in this respect, is plainly altered, repealed and supplied by the act of 1871. When the legislature enacted that the mayor and council should have power to appoint such officers as they deem necessary, etc., it plainly intended to take from council the separate power to appoint two street commissioners.

Power to make the ordinance of 1878 flows from § 27 of the city charter, and can rise no higher than its source. If the charter requires concurrence, the ordinance cannot authorize separate action. If inconsistent with the charter, the ordinance of course must yield. But there is no necessary inconsistency. Council may elect subject however to the mayor's concurrence in order to constitute a valid appointment. Approval of the ordinance by a former mayor is not the concurrence required. Concurrence is the individual approval, by the individual mayor, of the individual appointment. One mayor cannot, by simply approving a general ordinance, concur for all subsequent mayors. Each mayor must exercise personal discrimination, and cannot assume that function for his successors, nor be relieved of it by his predecessors.

*William S. McLean*, for appellee.—The act incorporating the city nowhere makes mention by name of the office of street commissioner. The section thereof in the old incorporating act of the borough, conferring power on council alone to appoint street commissioners, is neither altered, repealed nor supplied by the act incorporating the city, and hence the street commissioner was well appointed by council.

If the law requires the mayor to personally participate in the appointment or removal of the officer, then the mayor's duty in the premises could not be transferred from him to council, but there is no personal participation on the part of the mayor in these appointments and removals contemplated in the exercise of the power vested in the mayor and council by the charter. This section contains an enumeration of the various powers conferred upon the mayor and council, and practically, and in legal contemplation, they must all be exercised under general regulations defined by ordinances, and the city of Wilkes-Barre, pursuant to this requirement, passed a general ordinance, the one referred to in the suggestion, under which the various officers contemplated by § 27 aforesaid are elected and removed.

OPINION BY MR. JUSTICE WILLIAMS, May 22, 1893:

The defendant was appointed street commissioner of the city of Wilkes-Barre by the action of the city councils. The posi-

tion of the relator is that a valid appointment to the office requires the concurrent action of the city councils and the mayor. The title of the defendant depends upon this question. The act of 1806 provided for two street commissioners in the borough of Wilkes-Barre and lodged the power to appoint them in the borough council. The borough, with considerable adjoining territory, was made a city by the act of May 4, 1871, and its municipal government and machinery were completely remodeled. Section 4th of the act of 1871 provides for the first municipal election in the city, and then proceeds to declare that " from and after said election the powers, offices and duties of the burgess, auditors, high constable and council of the borough of Wilkes-Barre, and those of the several officers by them appointed shall cease and expire except as hereinbefore or hereinafter provided." This included all the borough offices whether filled by election or appointment, and the offices themselves, unless specifically saved by other provisions of the act of 1871, ceased and expired. The two street commissioners went out of office with their fellows, and the positions they vacated, in the language of the act, " ceased and expired." With the expiration of the borough offices, those of the new city sprang into life. Such as were filled by the election took up their duties and responsibilities. When the city council was organized it was authorized to appoint all necessary policemen, a city clerk, and a city treasurer. The assessors were to be appointed by the president judge of the judicial district within which the city fell. The aldermen or justices of the peace, the constables and election officers were chosen by the electors. Nothing remained to be provided for except the enforcement of the ordinances and regulations of the city. The 27th section of the city charter provided : " The power of the corporation shall be vested in the corporate officers designated by the charter, viz., the mayor and the city council; they shall have power " to make ordinances, rules and regulations about all subjects of municipal concern. These are treated of in twenty-six sub-sections and relate to laying out, opening, grading, paving and curbing streets ; to the opening of sewers, and many other subjects. In the twenty-second of these sub-sections the mayor and councils are given the power " to appoint and remove such officers . . . . as they may deem necessary to . . . . en-

force the ordinances and regulations of the city." The mayor and councils make the ordinances, rules and regulations ; they determine how many officers are necessary to see to their proper enforcement; and they appoint suitable persons to fill the offices so created. The offices of the borough street commissioners having " ceased and expired," the mayor and councils determine whether one such officer is needed in the city, or one in each ward of the city, and having fixed the number and the duties of the offices created, they fill them by the appointment of the persons to serve the city for such term as they may fix, subject to the power of removal which the charter gives them. Neither the mayor nor the councils can make the appointment any more than they could make the ordinances the officers are appointed to enforce.

But it is urged that section ten of the city charter saves the appointment to the councils alone. That section saves the " acts of assembly respecting the borough of Wilkes-Barre, and the ordinances, by-laws, rules and regulations of the same . . . . except in so far as the same are hereby altered repealed and supplied." But in reference to all the borough officers, the laws and ordinances of the borough are altered and supplied by the city charter as we have seen, so that this section can afford no help to the respondent. The effect of the charter of 1871 was to put an end to the official term of all borough officers, and to extinguish or abolish the offices. It supplied new offices and provided the methods for filling them. It empowered the mayor and councils to create additional offices and to fill them. In the exercise of this power they have created a single office for the entire city called street commissioner, and the mere fact that the office was created by them is conclusive upon the necessity for their concurrent action in order to fill it. It is needless to add that the city ordinance relied on as an authority for the appointment by the councils alone cannot change the law, or deprive the mayor of the powers which the law gives him, without his consent.

The decree of the court below is reversed and judgment of ouster is now entered against the respondent, with costs.