JOHN MULLINS AND PATRICK McARDLE v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

1. Under the act of March 1st, 1888 (*Gen. Stat., p.* 3425), and section 6 of the act of March 19th, 1891 (*Gen. Stat., p.* 3345), a tax for personal property may be levied against a person at his residence, and another tax may be assessed against him for tangible personal property used by him in connection with his business, at the place where his business is carried on, although the place of business and the residence are in the same taxing district.

2. In Jersey City the city collector is "the officer for the collection of taxes," within the meaning of the act of February 26th, 1895. *Gen. Stat., p.* 3451.

3. Tax warrants may be executed on goods and chattels other than those for which the tax was assessed.

On *certiorari* in matter of taxation.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutors, *James B. Vredenburgh.*

No one appearing on behalf of the city.

The opinion of the court was delivered by

DIXON, J. The *certiorari* in this case brings up the taxes for personal property levied against the prosecutors severally, and the warrants issued for the collection of the same.

The joining of these prosecutors in one writ is irregular, as neither has the least interest in the proceedings against the other.

But, waiving that, we find no illegality in the proceedings under review.

The case shows that a tax on personal property was levied against each prosecutor at his residence, and another tax was assessed against him for tangible personal property used by him in connection with his business, at the place where his business was carried on. This is in accordance with the act of March 1st, 1888 (*Gen. Stat.*, *p.* 3425), and section 6 of the act of March 19th, 1891 (*Gen. Stat.*, *p.* 3345). The fact that the residence and place of business are in the same taxing district does not interfere with the operation of these laws. In such a case a single assessment might not be invalid, but clearly it is not enjoined.

The tax warrants were issued agreeably to the directions of the act of February 26th, 1895 (*Gen. Stat.*, *p.* 3451), viz., by the city comptroller to the city collector, who, in Jersey City, is " the officer for the collection of taxes."

In executing such a warrant, the city collector is not confined to the property for which the tax was assessed. The warrant commands him to make the tax " of the goods and chattels of the person named therein " as owing the tax, and the necessary implication is that he must obey that order.

The proceedings are affirmed, with costs.