THE STATE, HENRY A. POTTER, EVA A. ROBINSON, PAUL F. GEBHARD AND CAROLINE F. HARRISON, PROSE-CUTORS, v. THE CITY OF ORANGE.

Argued March 2, 1898—Decided June 13, 1898

1. The acts of 1894 (*Gen. Stat., pp.* 3449, 3450, *pl.* 779, 787), authorizing block-maps and assessment of taxes thereby in certain municipalities, do not work a repeal in those municipalities of the general act of 1891 (*Gen. Stat., p.* 3344, *pl.* 291) directing that when the line between two taxing districts divides a farm or lot owned or possessed by the person taxed the same shall be taxed, if occupied, in the taxing district in which the occupant resides. As to assessment of taxes, these acts extend only to property lawfully assessable.

2. The normal rule is to tax property where situate, and the claimant of an exception to this rule must clearly establish it.

3. What is a "lot," within the act of 1891 (*Gen. Stat., p.* 3344, *pl.* 291), is a question of fact to be determined by all the circumstances of the case. As against an owner, acquiescence in taxation will be held a controlling circumstance in that regard as long as the situation remains unchanged.

4. The rule (58) of this court, that "in matters of taxation not more than four prosecutors shall be joined in one writ of *certiorari*," is restrictive, not permissive. There must be a common grievance to warrant any joining of prosecutors.

---

On *certiorari* in matter of taxation.

Each of the prosecutors resides in the township of East Orange, in the county of Essex, in a house fronting on Harrison street. Each owns a plot of land running through to

Oakwood avenue, in the city of Orange, in said county, the boundary line between the municipalities crossing such tract. The parties have stipulated in this cause, among other things, as follows :

"Each of the plots of land of the several prosecutors is entered by the walk and driveway opening into Harrison street, East Orange. The land of the prosecutor Henry A. Potter, which lies within the limits of the city of Orange, is laid out as a lawn. Portions of the lands of each of the other prosecutors, lying in the city of Orange, are used by them respectively as pasture lots. All the lands owned by the four prosecutors, and lying within the limits of the city of Orange, are used in connection with and as adjuncts to their lands in the township of East Orange. There are no fences on the boundary line between the two municipalities. The premises of the prosecutors cannot be considered as farm land."

In 1895 and 1896 each municipality taxed only that part of the land lying within its own limits, and all the prosecutors, except Mrs. Harrison, paid the taxes respectively assessed against them.

In 1897 all the land of each prosecutor was taxed by East Orange, and that part thereof lying in Orange was also taxed by that city. The present writs, after an ineffectual appeal to the local commissioners, remove the assessment of taxes levied in Orange in 1897.

Before Justices DIXON and COLLINS.

For the prosecutors, *James E. Howell.*

For the defendant, *Edward M. Colie* and *Thomas A. Davis.*

The opinion of the court was delivered by

COLLINS, J. By "A general act concerning taxes," approved March 19th, 1891 (*Gen. Stat.,* p. 3344), repealing all inconsistent general, special and local acts, it was enacted as follows :

"Section 6. * * * All real estate shall be assessed in the township, ward or taxing district in which the same may be situated; where the line between two taxing districts divides a farm or a lot owned or possessed by the person taxed, the same shall be taxed, if occupied, in the taxing district in which the occupant resides, and if unoccupied each part thereof shall be assessed to the owner thereof in the taxing district in which the same may be, and this whether such division line be a township, ward or county line."

By "An act relating to the assessment of taxes in counties of the first class," approved May 9th, 1894 (*Gen. Stat., p.* 3449, *pl.* 779), it was enacted:

"Section 1. That in all the cities, towns, townships, villages and boroughs in counties of the first class of this state it shall be lawful for the governing authorities to have maps made of their several and separate municipalities for the purpose of making the assessment for taxes upon real estate and to describe thereon the said real estate by blocks and parcels."

By "An act in relation to assessments of taxes in cities, towns and townships," approved May 22d, 1894 (*Gen. Stat., p.* 3450, *pl.* 787), it was enacted:

"1. That in all cities, towns and townships of this state that now have or may hereafter have block-maps it shall be the duty of the taxing officer or officers in all cases, in making their assessments for taxes upon real estate, to describe the same by block and lot numbers as shown upon the assessment maps of such city, town or township."

It is admitted in this cause that both Orange and East Orange have block-maps covering the entire territory of such municipalities respectively, and it is contended for the defendant that a true construction of the acts of 1894 will work a repeal of the provisions of the act of 1891 and require an assessment in each municipality, and not elsewhere, of the land within its limits. We cannot assent to this construction. We think that, as to assessment of taxes, the acts of 1894 extend only to property lawfully assessable by the particular municipality, and that the act of 1891 still controls as

to property bisected by a division line. That act was, indeed, superseded by an act approved March 28th, 1895 (*Pamph. L.*, *p.* 748), but, by repealer approved March 26th, 1896 (*Pamph. L.*, *p.* 180), the former law was revived and has thence been in force.

It is next contended for the defendant that, as to urban property, the term " lot," in a taxing law, should not be held to extend to every separate parcel of land in one ownership, but should be held to denote such a parcel as, in the particular locality, is commonly considered a lot, and that the local tax-maps may afford a guide in that direction. We are referred to no adjudged case so holding and cannot adopt so arbitrary a rule. The term "lot," as used in the act of 1891, is indefinite. What is a lot within that law is a question of fact to be determined as under the original Mechanics' Lien law and other statutes, by all the circumstances of the case. *Derrickson* v. *Edwards*, 5 *Dutcher* 468 ; *Muller* v. *Bayonne*, 26 *Vroom* 102. In the case last cited the prosecutor owned a plot of land extending about five hundred and sixty feet along a city street and being about one hundred and fifty feet in depth. The property comprised a dwelling-house, a barn and other outhouses and the surrounding grounds. In assessing for a sewer the commissioners, under a law requiring them to assess " each separate lot or parcel of land," divided the property into twenty-five-foot lots, presumably by the city map. This court for that and other reasons set aside the assessment. Mr. Justice Dixon said that such an expression in a statute denotes each lot or parcel of land which its owner or possessor applies to or designs for a separate use. The test, therefore, is to be gathered from the intention of the landowner, as evinced by his acts, and not from the theories of the public authorities. On the other hand, we should not rule that the absence of a boundary fence or other physical division will show conclusively that a tract of land must be considered as one lot for the purpose of taxation, or that even a homogeneous use will enforce that consideration. Each case must be judged by its circumstances.

The general policy of our law favors the taxing of all property where situate. *State, Colwell, pros.*, v. *Abbott*, 13 *Vroom* 111. Any exception to this normal rule of local taxation must be made clear by the one who claims it. In the case in hand the several prosecutors have in each municipality an ample curtilage for a dwelling-house or other structure, with a frontage on an improved street with urban characteristics. It is reasonable to regard the property as in two parcels—one in each municipality. The case made in the stipulation above recited is, in our judgment, consistent with that view, and, with the possible exception of Mr. Potter's land, is not consistent with any other view. Mr. Potter's acquiescence in separate taxation, in 1896, must be held satisfactory evidence that he then regarded his land, for the purposes of taxation at least, as in two parcels. There was like acquiescence by Mrs. Robinson and Mr. Gebhard. No intervening change in the situation or use of the property is claimed. We think that none of the property has been brought within the exception of the act of 1891.

The attempt of East Orange to tax the lands in Orange need not embarrass the prosecutors. The case shows that such lands were in each case separately assessed as a "rear lot." The description was a true one and the assessment defeats itself.

The taxes assessed by the city of Orange will be affirmed. Costs will not be imposed upon the prosecutors. They were doubly assessed, and judicial decision in the premises was necessary.

We call attention, for the purpose of disapproval, to the erroneous practice adopted in this case, as in other recent cases, of joining in one writ separate and distinct interests. *Mullins* v. *Jersey City*, 32 *Vroom* 135. Such practice has probably arisen from a misconception of the fifty-eighth rule of this court, which provides that "in matters of taxation not more than four prosecutors shall be joined in one writ of *certiorari.*" This rule is restrictive, not permissive. There must be a common grievance to warrant any joining of prose-

cutors not co-owners of property. Erroneous assessments of particular lands in different ownership, even though in each case the alleged error is of the same character, will not warrant the joining of the separate owners as prosecutors in one writ.