No. 13,694.

PEOPLES' HOMESTEAD ASSOCIATION vs. HENRY L. GARLAND, JR.

### SYLLABUS.

1. City taxes are imprescriptible, but the privileges securing them are prescribed by three years.
2. When the privileges are prescribed, taxes become mere personal claims against the tax debtor and are of no effect against mortgage creditors.
3. The character of tax debtor results from the operation of law and not from the convention of individuals, and the party assessed is, in law, the tax debtor.
4. The assumption in an act of sale of a city tax is not a *stipulation pour autrui* for the benefit of the city, but is a matter purely personal to the contracting parties and forming part of the consideration of their contract,
5. A claim asserted by the city, not by virtue of any inherent or statutory governmental power, but as one arising under the Code from the stipulation of a private contract, will be tested by the same law as would govern between individuals.
6. As the assumption neither impaired the city's right to enforce its tax in the manner and within the time provided by law, nor induced her to shift her position, there is no foundation for a plea of equitable estoppel

APPEAL from the Civil District Court, Parish of Orleans.— *King, J.*

*Carroll & Carroll,* for Plaintiff, Appellant.

*Frank B. Thomas*, Assistant City Attorney, for the City of New Orleans, Defendant in Rule, Appellee.

---

\* In this case, His Honor, the CHIEF JUSTICE being recused, and their Honors, the ASSOCIATE JUSTICES being evenly divided in opinion as to the proper determination to be made of the issues involved, JUDGE HORACE L. DUFOUR, of the Court of Appeals for the Parish of Orleans, having been called upon by previous order of this court to sit in the case, pronounced the judgment of the court therein in words and figures as follows, to-wit:

\* DUFOUR, J. On June 11th, 1894, the plaintiff bought certain real estate from the defendant, and the act of transfer contained a clause that "the purchaser assumes payment of all taxes for the year 1894."

On the same day, the plaintiff resold the property to the defendant, and the act of transfer granted a special mortgage and vendor's lien, and also declared that the purchaser assumed payment of all taxes for the year 1894.

At that time the city tax bills for 1894 had not been turned over to the City Treasurer for collection. In 1900, the plaintiff foreclosed its mortgage *via ordinaria*, obtained judgment for $6000 with recognition of its vendor's lien, and a sale of the property, under *fi fa.*, brought two thousand four hundred dollars, a sum insufficient to satisfy the writ.

Upon discovery that there stood recorded against the property a privilege for the unpaid city taxes of 1894, the plaintiff ruled the city into court to show cause why the tax and tax privilege should not be cancelled as barred by the prescription of three years.

From a judgment discharging the rule, this appeal has been taken.

It is urged by the city that the tax is imprescriptible and that the plaintiff, having assumed its payment, became the tax debtor and cannot, in consequence, be heard to plead prescription in bar of the privilege.

It is now settled:

1st. That city taxes are imprescriptible, but that the privileges securing them are prescribed by three years.

41 Ann. 128; 52 Ann. 1626.

2nd. That, notwithstanding the tax privileges have become prescribed, the city has the right to proceed against the party assessed for the purpose of realizing the taxes, so long as the property remains in the ownership of the person to whom they were assessed.

43 Ann. 813.

3rd. That when the privileges are prescribed, taxes become mere personal claims against the tax debtor, and are of no effect against mortgage creditors or subsequent owners of the property.

44 Ann. 279.

Bearing in mind the above principles and the contention of the city, the pertinent inquiry must needs be who, in point of law, is the tax debtor?

The character of tax debtor is one which results from the operation of law and not from the convention of individuals.

Taxes are personal obligations imposed on the owner, as well as a charge upon the property itself.

42 Ann. 1135.

The party assessed is the tax debtor, upon whom falls this obligation and so far as the assessment and original liability are concerned, every one else is, in law, a third person, between whom and the taxing power, there is no privity of relation.

In this instance the plaintiff association did not own the property either at the time of assessment or at the time the tax became due or exigible.

It cannot properly, therefore, be considered the tax debtor.

It follows that, if plaintiff be liable, it must be solely by virtue of the assumption referred to.

In the absence of any text of law on the subject, such assumption cannot benefit the city, unless it be viewed as a *stipulation pour autrui* in its favor.

We find nothing tending to impress that character upon the act.

The matter was one purely personal to the contracting parties, exclusively in their own interest, and not in the remotest degree intended for the benefit of the city who was not a party to the contract.

The assumption by another of the tax did not relieve the party assessed of his liability therefor; in contemplation of law he remained the tax debtor. It merely gave him the right to recoup himself against his vendee in case he were compelled to pay the tax assumed by the latter, but conferred no rights on any one else. Thus, it has been held that a stipulation that a certain sum shall be paid to a third person towards the extinguishment of a debt due to him from one of the parties to the contract, is not a *stipulation pour autrui,* but that the assumption of the debt is part of the consideration or price of the property intended exclusively for the benefit of the stipulating party.

2 R. 523.

But were we to go a step further, and concede the assumption to be a *stipulation pour autrui*, the city's position would not thereby be improved, for the reason that the stipulation was revoked before the city signified its assent to accept it.

Considering that the sole purpose of the two transactions was to convert a mortgage into a vendor's lien, they may properly be treated as one.

The reassumption by Garland in his purchase from the association of the tax assumed by the latter when it bought from Garland, restored the parties to their original respective positions, and was equivalent to the annullment or revocation of the original assumption. There was no acceptance by the city except such as resulted from its claim first made in the answer to the instant rule six years afterwards.

R. C. C. 1890-1902.

44 Ann. 206.

The city is not asserting a claim by virtue of any inherent or statutory governmental power, but one arising under the Code from the stipulations of a private contract. There is, under the circumstances, no reason why the law applicable to individuals should not be meted out to the municipality, or why she should not bear the burden of the law whose benefit she has invoked.

It may be added that, as the assumption did not impair the city's right to enforce its tax in the manner and within the time provided by law, and did not induce her to adopt any particular course or to shift her position on the faith of it, there is no basis for an equitable estoppel.

Our conclusion is, that the tax privilege being prescribed, the city has no claim on the property or its proceeds that can be asserted to the detriment of the mortgage creditor.

The plaintiff, however, is without interest to ask for the cancellation of the *tax* itself which affects only the tax debtor.

The judgment is reversed, and it is now ordered that the City of New Orleans and the Recorder of Mortgages be ordered to cancel from their records the privilege for the city tax of 1894, in so far as the same purports to bear upon and affect the real estate herein sold by the sheriff, the costs of this rule in both courts to be paid by the city.

BREAUX and BLANCHARD, J. J., dissent, and the latter hands down an opinion expressing the reasons of his dissent.