(35 South. 281.)

110 1040
115 556

No. 14,905.

### ROUSSET v. CITY OF NEW ORLEANS.

(Nov. 3, 1903.)

CITY TAX—INSCRIPTION OF PRIVILEGE—CANCELLATION.

1. The imprescriptibility of a city tax does not preclude the owner of the property from having the inscription of the privilege therefor canceled from the books of the mortgage office, when, by the terms of the Constitution and the law, such privilege has ceased to exist.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by Paul Rousset against the city of New Orleans. Judgment for plaintiff, and the city applies for certiorari or writ of review. Denied.

Henry Garland Dupré, Asst. City Atty., for applicant. Richard & Vidrine, for respondent.

### Statement of the Case.

MONROE, J. It appears that Paul Rousset acquired certain real estate in New Orleans some time prior to 1890, and that it was assessed in his name in 1891 and subsequent years. In 1903 he filed suit in the First city court for the cancellation from the books of the mortgage office of the privilege for the city tax of 1891, on the ground that the same was prescribed; and there was judgment as prayed for, which was affirmed by the Court of Appeal. It is this judgment that is now before us for review.

### Opinion.

The counsel for the city of New Orleans argues that, the claim for the tax not being prescribed, the owner of the property is not entitled to the benefit of the law establishing the prescription of the privilege.

This position is untenable. The lien and privilege accorded the city for its taxes was

prescriptible in three years under Act No. 96, p. 136, of 1877; and Act No. 26, p. 37, of 1886 declares: "That all tax privileges and tax mortgages granted by law to secure the payment of taxes hereafter becoming due, whether state, parish or municipal, shall become prescribed in three years after the 31st day of December of the year in which said taxes are assessed, provided, that said prescription shall be interrupted by the pendency of any suit which prevents the collection of said taxes, and the time of such interruption shall be excluded from the computation of the said three years."

No subsequent legislation has been adopted to change the prescription of tax privileges and mortgages thus established. On the contrary, it has been embodied in the fundamental law of the state. Const. art. 186. In the meanwhile, though laws have been passed establishing a prescription as against the claim of the state for its taxes, it has been held that they do not apply to the city of New Orleans, and hence that, whilst the privilege and mortgage accorded the city are subject to prescription, its claim for the tax itself is imprescriptible. Miramon v. City, 52 La. Ann. 1623, 28 South. 107; Homestead Ass'n v. Garland, 107 La. 476, 31 South. 892.

The law establishing the prescription of the privilege and mortgage does not, however, discriminate against the owner of the property, and its operation is subject to no other condition than that contained in the act of 1886 relative to the pendency of suits which prevent the collection of the tax; and for this court to make such discrimination, or impose other conditions, would be for it to assume a function pertaining to the General Assembly. In the case of Hood et al. v. City, 49 La. Ann. 1461, 22 South. 401, upon which the counsel for the city relies, the controlling question with which the court was dealing was whether the taxes themselves were prescribed. In State ex rel. Land Co. v. Tax Collector, 104 La. 472, 29 South. 39, there is to be found in the opinion the following language, to which we are referred, to wit:

"We are not prepared to accept the correctness of that broad proposition [i. e., that taxes and tax privileges are prescribed by three and five years under all circumstances, and in favor of and against all parties], particularly when presented to us in the collateral manner and under such meager and improper evidence." It is evident that the general terms thus used for the purposes of the case then before the court are inapplicable to the clear-cut issue here presented. Upon the other hand, in Succession of Stewart, 41 La. Ann. 127, 6 South. 587, it was held that though, under Act 96, p. 136, of 1877, the city tax was not, the privilege therefor was, prescribed, and the privilege was canceled at the instance of the owner of the property. This decision has never been overruled, and finds substantial support in Scholfield, Goodman & Co. v. Succession of West, 44 La. Ann. 277, 10 South. 806, and Homestead Ass'n v. Garland, 107 La. 476, 31 South. 892.

In the opinion of the Court of Appeal, it is said:

"We fail to see how the city can be injured by the cancellation of the privileges. She may, though they no longer subsist, enforce the taxes against the property as long as it has not passed into the hands of a third person. If the property changes hands, no city tax more than three years old can be enforced against it, whether the privilege be recorded or not, because the privilege cannot operate for more than three years back against a third person."

And so say we.

It is therefore ordered, adjudged, and decreed that the judgment which has been made the subject of review herein remain undisturbed, and that the cost of this proceeding be paid by the applicant for the writ.