## HENRIETTA F. ZAHN ET AL. v. THE BOROUGH OF RUTHERFORD.

Argued February 21, 1905—Decided June 12, 1905.

When commissioners of adjustment, under the act of 1898 (*Pamph. L., p.* 442), have made an assessment for a public improvement, although no assessment had theretofore been imposed or attempted to be imposed, and the proceedings are removed by *certiorari*, it is the duty of this court to ascertain and determine for what sum the property was legally liable, if at the time of adjudication an assessment can lawfully be levied.

On *certiorari*.

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutors, *Edward J. Luce* (*Walter A. Kip*, on his brief).

For the defendant, *John M. Bell*.

The opinion of the court was delivered by

SWAYZE, J. The writ in this case brings up assessments for curbing and guttering a street in the borough of Ruther-

ford. The assessments were imposed upon four lots owned by three different persons, who have not a common grievance. The joinder of the three prosecutors was therefore improper. *Potter* v. *Orange,* 33 *Vroom* 192 (at *p.* 196). We have, nevertheless, considered the questions argued, as no objection to the misjoinder was made by the defendant.

Rutherford is a borough incorporated under the act of 1878. By a supplement to that act passed in 1885 (*Gen. Stat., p.* 186, *pl.* 41) the mayor and council were authorized to provide for the curbing and guttering of streets, and to assess the cost and expense thereof upon the real estate specially benefited in proportion to the benefits, and not in excess thereof. Between 1890 and 1893 the borough caused Donaldson avenue to be curbed and guttered in front of the lots now owned by the prosecutors. The cost of this work has not been paid. In 1898 commissioners were appointed, pursuant to the act of May 18th, 1898 (*Pamph. L., p.* 442), to adjust taxes, assessments and water rates in arrears. By a report of February 20th, 1904, they reported the amounts charged and assessed by them against each lot, and this report was confirmed April 25th, 1904. The proceedings of the commissioners of adjustment are brought up for review by the writ in the present case.

The objection urged by the prosecutors is that there was no assessment for the commissioners to adjust, because there had not been prior to their appointment any attempt to levy or impose an assessment for this improvement.

We think it unnecessary to determine whether the action taken by the borough authorities amounted to an attempt to impose an assessment, for the reason that the assessment made by the commissioners of adjustment is of such a character that we are forbidden by the act of 1881 (*Gen. Stat., p.* 3404, *pl.* 547) to set it aside. Since the decision by the Court of Errors and Appeals of *Elizabeth* v. *Meeker,* 16 *Vroom* 157, it has been settled that where an assessment is brought before the court by *certiorari* it is the duty of the court to make a proper assessment in all cases in which there may lawfully be an assessment. No stronger case could be presented than was

then before the court, for the original assessment was conceded to be without authority of law, and the prosecutor's only liability was his responsibility to subsequent legislative action; such action had been had when the decision was rendered. This rule was applied by the Court of Errors and Appeals in *Brown* v. *Union*, 36 *Id.* 601, and it was there held that the only question is whether an assessment can lawfully be levied upon the lands.

In the present case there can be no doubt that an assessment can lawfully be levied under the act of 1885. It is therefore the duty of this court, under the act of 1881, to ascertain and determine for what sum the property was legally liable to assessment. The report of the commissioners states that they did not assess any lot in excess of the benefit derived from the improvement or in excess of its due and equable proportion thereof. It is not suggested in the case that the facts were otherwise. We see no reason why the court should not adopt the assessment of the commissioners, if it be granted that there is any defect in their proceedings, as to which we do not decide. That course was adopted in *Brown* v. *Union*, 33 *Vroom* 142, and the judgment was affirmed by the Court of Errors and Appeals (36 *Id.* 601).

The proceedings certified are affirmed, with costs.