————o————

No. 6033.

## HARRY M. CONVERSE vs. JOHN FITZPATRICK, STATE TAX COLLECTOR.

### Syllabus.

The State has a personal claim against the individual for the payment of taxes in addition to its privileges upon the property assessed.

All the property of the individual is liable for the payment of all the taxes assessed against his personal property, the Tax Collector is not limited to a seizure and sale of the personal property assessed; but when such property is not produced

on demand, he may seize and sell any other property of the delinquent tax debtor.

Commercial partners are bound *in solido* for the debts of the partnership. When a commercial partnership fails to pay the taxes assessed against the personal property of the partnership, and fails to produce the property assessed, or other property sufficient to pay the tax, the Tax Collector may seize and sell any other property of the partnership, or any property of any of the members of the partnership to pay and satisfy said tax. The members of a partnership cannot take advantage of their own wrong by concealing, parting with, or disposing of the property of the partnership to evade the payment of the tax.

Article 304 of the Code of Practice does not apply to an injunction against the collection of a tax.

Appeal from the Civil District Court for the Parish of Orleans, Division ':"C," No. 105,043. Hon. E. K. Skinner, Judge.

Titche & Rogers, for plaintiff and appellant.

Harry P. Sneed, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

On June 15th, 1908, the State Tax Collector, acting under Act 85 of 1888, and 106 of 1890, and 170 of 1898, took a rule against Converse & Co., in which he alleged that the said Converse & Co., were indebted unto the State of Louisiana in the sum of $180 with two per cent per month interest from January 1st, 1908, until paid and costs, for taxes for the year 1907, on an assessment on money loaned at interest, credits, and bills receivable, and money in possession or on deposit, $30,000.00; and the said Tax Collector prayed that said Converse

& Co., be ordered to deliver to him the said property assessed, or as much thereof as was necessary to pay the tax with interest, costs, penalties and ten per cent attorney's fees. The Rule was served personally on W. W. Converse, a member of the firm of Converse & Co.

On July 6th, 1909, the State Tax Collector took another Rule against the same firm for the taxes of 1908, assessed upon the same property, for the same amount, and prayed for the same relief. Upon the trial of said rule the defendant did not appear, and the rule was made absolute July 20th, 1909.

On May 3rd, 1910, the State Tax Collector took a third rule against the same firm for the taxes of 1909, assessed upon the same property, for the same amount, and furniture $250, and prayed for the same relief. The defendants did not appear, and the rule was made absolute on May 27th, 1910.

On June 17th, 1910, a rule for contempt was taken against William W. Converse and Harry H. Converse, members of the firm of Converse & Co., for not producing the property to satisfy the tax. To this rule the firm answered substantially that there was no law authorizing the Tax Collector to enforce payment of taxes by contempt proceedings or by fine and imprisonment, and that they did not have in their possession the "identical money" or any part thereof, which was assessed for the State taxes of the year 1909, and that, therefore, they could not comply with the judgment of the Court, and that the Tax Collector had another complete and adequate remedy to enforce said judgment, which, however, they failed to point out.

On February 8th, 1911, the Tax Collector took out garnishments upon the Commercial National Bank and the Hibernia Bank & Trust Company, without avail.

On June 24th, 1913, Harry H. Converse filed a petition in which he alleged that John Fitzpatrick, Tax Collector, had seized, as the property of Converse & Co., as a delinquent tax debtor for State taxes claimed to be due by Converse & Company for the years 1907 to 1912, amounting to $1681.14, a certain automobile which is the personal property of petitioner, and he prayed for an injunction restraining the Tax Collector from selling said automobile.

The Tax Collector answered that the seizure was levied to pay and satisfy taxes assessed against the personal assets of the firm of Converse & Company, which is a commercial partnership composed of said Harry H. Converse and William W. Converse, and that said Harry H. Converse, as a member of said partnership, is liable in solido for all the debts of the partnership, and more especially for all the taxes due by it, and he prayed for dissolution of the injunction.

Harry H. Converse pleaded the prescription of three years as to the taxes of 1907-1908-1909-1910 under Article 186 of the Constitution of 1898.

He also pleaded estoppel on the ground that the said automobile was assessed to him, Harry H. Converse, and that he had paid all taxes thereon, and that his ownership was thereby admitted by the State.

He admitted that the business of Converse & Co., consisted of buying and selling stocks and bonds.

It was therefore a commercial partnership, C. C. 2825 (2796). He also admitted that his firm had been assessed for the years 1907 until 1912 in the amounts set forth in his petition as would give the taxes set out in his petition, and that various rules had been taken on the members of the firm to produce the property without avail.

There was judgment in favor of the Tax Collector and against H. H. Converse, and he has appealed.

The Tax Collector has joined in the appeal and prays for ten per cent. damages for wrongful issuance of the injunction.

These taxes are not prescribed by three years as the evidence shows repeated judicial interruptions. . .

It is unnecessary to pass upon the plea of estoppel as the evidence established that the automobile belongs to H. H. Converse and not to the partnership.

The sole question presented in this case is whether the individual property of a member of a commercial partnership can be subject to seizure and sale for the payment of a tax levied against the partnership on an assessment for personal property of the partnership, after the Tax Collector has exhausted his remedies against the partnership.

The Civil Code, Article 2872 (2843) provides that "Commercial partners are bound **in solido** for the debts of the partnership." If therefore the taxes claimed are a debt of the partnership, the individual partners are equally bound for the debt, **in solido**, and their individual property can be made liable for its payment.

The question whether a tax is a personal debt, or whether the collection of it is restricted exclusively to the property assessed is one of legislative enactment. It is in the power of the legislature to make the tax a personal debt."

The Constitution of 1898, Article 233, provides:

"Taxes on movables shall be collected by seizure and sale by the Tax Collector of the movable property of the delinquent whether it be the property assessed or not, sufficient to pay the tax. If the Tax Collector can find no corporeal movables of the delin-

— 187 —

quent to seize, he may levy on incorporeal rights by notifying the debtor thereof, or he may proceed by summary rule in the Courts to compel the delinquent to deliver up for sale property in his possession or under his control.''

Par. 2 of Sec. 54 of Act 170 of 1898, p. 373, reads as follows:

"In all cases where the collector cannot make a seizure of the personal property liable for the tax assessed against it either because of the nature of the property assessed, or because the owner or his representative holds it in his possession or under his control in such a maner that the Tax Collector cannot lay hands upon it ,and refuses on demand to deliver the same to the Tax Collector, the said Tax Collector shall have the power to seize any other property belonging to the tax debtor, etc.''

These provisions of law would indicate that the Constitution and the Act of 1898, intended to make the tax a personal debt.

If it was a personal debt of the partnership, then it becomes a personal debt of each partner, and each partner became "a tax debtor" for the whole amount.

This is in keeping with the law and the jurisprudence in other States. In the following States the tax is a personal debt: in New Jersey, 38 Atl., 822; in Massachusetts, 148 Mass., 512; in Texas, 117 S. W., 880; in Alabama, 58 Ala., 564; in California, 39 Cal., 112.

In 28 Miss., 70, the Court said:

"The individual, and not his property pays the tax. The property is resorted to for the purpose of ascertaining the amount of the tax with which the owner must be charged and for the purpose of en-

forcing payment, when the owner shall be legally in default in paying at the time stipulated by law.

"It is the duty of a citizen and property owner to pay the taxes assessed against him as he is bound to contribute his lawful share of the current expenses of the Government."

103 **U. S.**, 733; 92 **U. S.**, 575.

"All of the personal property of a non-resident within a county of this territory is liable for the payment of all the personal taxes assessed and levied against him in such county, and an officer holding a tax warrant against such non-resident for delinquent taxes is not limited to a seizure and sale of the property upon which the levy of such tax was made, but may seize and sell any of the property of such non-resident which he may find in his county which is subject to execution regardless of whether it is the same property that was assessed and on which the levy was made."

62 **Pac.**, 817 (Oklahoma).

The Legislature may say that each and every property owned by the citizen shall be responsible for all the taxes assessed to him.

26 **A.**, 697.

In the **Succession of Mercier**, 42 **A.**, 1135 (1140-1143), our Supreme Court said, p. 1140: "The second proposition for our consideration is that taxes are claims **in rem** and not obligations **in personam.** Page 1143: "Our conclusion is that there is a personal obligation imposed on the tax payer to pay taxes, independently of the value of the property assessed."

In the case of **V. & A. Meyer**, 41 **A.**, 440, the Court said, p. 442: "If the tax debtor by his own act has made it impossible for the State to reach the property assessed, as by concealing, parting with or disposing of it he is not,

by such means to escape the payment of his taxes and practically to nullify the fundamental requirements of the Constitution that " 'taxation shall be equal and uniform, and that all property shall be taxed,' " which necessarily means that the taxes shall be paid, and that when he has thus placed it out of the power of the Tax Collector to collect his taxes in the mode required, he cannot take advantage of his own wrong, and the Legislature may provide other means to enforce their payment. In the 25 A., 454, the Supreme Court held that there was a natural obligation to pay a tax.

In the case of the **City of New Orleans vs. Day, 29 A.,** **416,** the Supreme Court said: "We understand that the assessment of a tax against an individual creates a personal debt against him, as well as a lien against his property. If the property of the debtor subject to the lien be from any cause insufficient to pay the tax he is personally bound and liable as well for the whole tax as for any deficiency thereof, etc."

In **Peoples Homestead Ass'n. vs. Garland, 107 La., 476,** the Supreme Court said: "Taxes are personal obligations imposed on the owner, as well as a charge upon the property itself." Quoting 42 A., 1135.

We come to the conclusion that the tax due by the partnership is due in the same manner by the member of the partnership, and that his individual property may be seized to pay it, on the failure of the partnership to pay, or to produce the property assessed, or other sufficient property. Members of a partnership cannot take advantage of their own wrong by concealing, parting with, or disposing of the property of the partnership to evade the payment of the tax.

Article 304 of the Code of Practice does not apply to an injunction against the collection of a tax.

The judgment of the lower Court is correct and it is affirmed.

Opinion and decree, February 9th, 1914.

Rehearing refused, March 9th, 1914.

Writ granted April 14th, 1914. [135 La., 619].