The opinion of the court was delivered by
Breaux, J.
The plaintiffs brought this action against the defendants to have decreed null the tax sale of their property made to the State, to erase the city and State taxes from the mortgage records, and to enjoin the intended sale of their property by the city.
The judgment of the District Oourt, from which the plaintiffs appealed, sustained the injunction against the city; canceled and erased the sale to the State, but recognized the sufficiency of the assessment assailed by the plaintiffs and rejected their plea of prescription.
In 1896 the property was adjudicated to the State for the taxes of 1895, and subsequently the same property was advertised to be sold for the taxes of 1892 to 1895.
The plaintiffs ace the children of General John B. Hood. A short time after the death of their father and mother, who died in 1878 during the fever epidemic of that year, they in a compromise with a life insurance company received two lots of ground, with the improvements thereon, designated by the numbers four and five of square number twenty-six, bounded by Roman, Oanal, Gasquet and Prieur streets.
The property, after the sale made to the plaintiffs, was always assessed in the name oi “ Annaoel Hood et al., minors.”
The property was owned jointly by the children — namely, Annabe^ Hood, Ethel Genevieve Hood, John Bell Hood, Duncan Norbert Hood, Marion Maud Hood, Lilian Marie Hood, Odile Musson Hood, Ida Richardson Hood and Oswald M. Hood. The boundaries and numbers of the lots were correctly given, save that there was error in numbers of the squares.
The complaint of plaintiffs on this point is, that a description, as relates to numbers, which sets forth lots fourteen and fifteen of square twenty-six is not a correct description of plaintiffs’ property, which is lot four and five of square twenty-six.
*1463 The second ground urged by plaintiffs is that an assessment in the name of “ Annabel Hood et al.,” of property owned by the heirs before named, is not an assessment of the property in the name of all the joint owners.
The evidence shows that the city taxes upon the property were paid up to the year 1892 and the State taxes up to the year 1895.
The plaintiffs, although they admit that they were paid, deny that the taxes were paid by them or their legal representatives.
Plaintiffs sought to sustain their objection to the assessment, on the ground that the owners were not expressly referred to or named on the assessment, by citing two eases of this court.
The first was the case of Hays, Administrator, vs. Viator, 33 An. 1162. The syllabus of the decision is perhaps broader and more sweeping than the matter in hand required.
The opinion sets forth a number of irregularities in the assessment.
The property had been assessed as a whole in the ñamé of the owners — that is, each of the two owners named were mentioned as the respective owners of the whole property; the name of a third joint owner was not mentioned at all. There were a number of essentials in the assessment and in the matter of the proposed sale. They were passed upon, and in view of the great irregularity, the assessment was annulled.
In Thibodaux vs. Keller, 29 An. 508, the other cited case, the property had been sold for taxes, of a partnership, though not assessed in the name of the partnership.
In the ease in hand it appears that the property was assessed in the name of one of the owners, with the addendum etal., minors.”
We are referred to Sec. 11 of the Act of 1888, requiring the Assessor to see that property is assessed under a correct description, and in the names of the owners; a wise provision, and one which should not, in any ease, be overlooked.
The question arises here as to whether there was not a substantial compliance with the requirement of the statute. The property was the property of the taxpayers and others, minors, who were the joint owners.
■ There was nothing misleading in the name given. Usually it is desirable to write down on the assessment roll the names of each of the joint owners where the property is owned jointly. But the *1464 failure to insert the name of one or more of the joint owners was-not cause to annul the assessment if the generic term used plainly indicated who were the owners. The meaning was the “ Hood minors.” There was nothing disguised or concealed about the names such as to lead the taxpayer into error.
They offered in evidence proof of payment of taxes assessed, as we have just stated. They assert in argument, and we assume it is correct, that these taxes were paid by the administrator of the succession of General Hood. At least three of the heirs were of age when the last payment of taxes upon this property was made by the-legal representative of the succession.
There is no evidence before us that the heirs of age, or the tutor of the minors, ever objected to the payment of the taxes that had been made.
After the payment of these taxes during many years, either directly or through a legal representative, heirs are not in a position to urge that they were not the parties “ who were assessed, or that their property was not assessed at all.” Where the description contains elements of error, such as would mislead, “ it is invalid.”
Burroughs on Taxation, p. 205. ■ We have not found in the names-as given of the taxpayers any misleading error rendering the assessment invalid. The assessment was not to the wrong person; those assessed were the tax debtors. There is certainly nothing unjust and inequitable in a judgment decreeing that the owners shall pay these taxes, whose action in thus paying it does not appear that the owners have ever disavowed.
This brings us to the question of the description of the land as relates to the number of the lot, which it appears was not correctly given. In every other respect it was correct.
Identification of the property that the owner may know that his property is taxed, and the purchaser at the sale in case of sale may know the property he buys, is the object. This was accomplished in this case, as made evident by the fact that the taxes, without objection as before stated, were paid for many years.
It must be borne in mind that this was not an action in which a third person claims title under a tax deed.
It was a suit (on appeal) brought against the State to cancel an assessment.
There exists an equity in favor of the taxpayer who seeks to pay-his taxes when the sovereign alone is concerned.
*1465 In the former ease, a title being involved, the courts are more stringent as to the accuracy of the description. Burroughs on Taxation, Sec. 95; see Act 140 of 1890. ,
And in the last place, with reference to description, it was possible to rectify the assessment; it was possible for the assessor to have corrected the rolls, given the proper notice and made proper advertisement, taking the assessment as a basis.
No complaint was ever made by the tax debtor as required by Sec. 25 of Act 106 of 1890. A wrong description is no longer timely under the section in question.
With reference to prescription it only remains to say that it did not run in favor of the tax debtor. . It is settled that the tax debtor, who was personally indebted for the amount, had no right of defence growing out of whatever prescription applies when third persons are concerned.
It is therefore ordered and adjudged that the judgment appealed from is affirmed.
Nicholls, O. J., absent; ill.