The opinion of the court was delivered by
Monroe, J.
Plaintiff, claiming to be the owner, and in; possession, of certain real estate in New Orleans, filed a petition in the District Court, *1566 in August, 1895, in which he alleges that the civil sheriff, without any judgment, writ, demand, or notice, but pretending to proceed under the authority of Act No. 155 of 1894, has advertised said property to be sold at public auction; but that said act is unconstitutional, .and that the sheriff is incompetent to proceed thereunder, for reasons which are set forth. He also alleges that the city of New Orleans pretends to have acquired the property in question at a tax sale, January 18, 1890, consummated by an act before Taylor, notary, of date March 23, 1890, and that the said sale is void for want of notice and for want of advertisement, as required by law. And he further alleges that he obtained judgments, reducing the assessments for the years 1886 and 1887 on said property, but that “notwithstanding said judgments, said property is advertised by the civil sheriff, as aforesaid, for sale for the taxes for the years 1886 and 1887, based on the original assessments, and taking no account of the reductions.” He prays for an injunction, and for judgment quieting him in possession.
The city of New Orleans, as defendant in injunction, admits the adjudication to it of the property, at tax sale; denies that said sale is obnoxious to the objections urged against it, and further denies that the plaintiff is the owner of the property.
The property in controversy consists of certain lots in Squares Nos. 393, 274 and 308. In so far as concerns the lots in square No. 308, the matters at issúe were considered in a case recently decided by this court, in which the transcript in the instant case was, by agreement of both parties, made part of the record, and there was judgment in favor of the city of New Orleans, and against the present plaintiff, to the effect that the adjudication complained of was valid, and that the city thereby became the owner of the property in dispute', and was entitled to be put in possession thereof. In re City of New Orleans, Praying, Etc., 52 Ann., 1073.
For the purposes of the present suit, we have, therefore, to consider the claim of the plaintiff to the lots in squares 393 and 274, which claim is to be determined with reference to its relation to the adjudication to the city in January, 1890, since the Act of 1894 is an act providing for the sale of adjudicated property and, if the property in question has been legally, adjudicated to the city, and the title of the plaintiff has been thereby divested, it is a matter of no concern to him, how the city sells the property. Reinach vs. Duplantier, 46th Ann., 151.
*1567 Plaintiff’s attack upon the adjudication in question is based upon the grounds:
1. That he received no notice, such as is required by law, of the proposed sale.
2. That the property was not advertised, as required by law.
3. That the adjudication was based on assessments, for the years 1886 and 1887, which had previously been reduced by judgments of court, and that no notice was taken of such reductions.
The questions of notice and advertisement have already been fully considered in the case entitled In re City of New Orleans, Praying, Etc., and the reasons given for the judgment in that case leave little to be said now.
Counsel for the plaintiff insists, with much earnestness, that, in determining the question of notice, the court should refuse to consider certain documents, purporting to be the original notices served on him, which have been brought up, since the filing of the transcript and presented in connection with a motion filed by the counsel for the appellant, in which it is stated that said originals are incorrectly copied in said transcript. Conceding to be good the objection that this court is precluded from considering the documents, brought up in the manner described, and not included in the transcript, there would seem to be no alternative but to fall back upon the copies filed in the transcript, which the clerk certifies to be correct, since the error in the transcription, to which the appellant’s motion refers, is not claimed to operate to the prejudice of the plaintiff and appellee, who makes no complaint upon that ground. Even upon this basis, we are of opinion that the evidence brings home to the plaintiff the notice required by law, since the copies, imperfect though they be, but not to the prejudice of the plaintiff, are supported'by testimony to the effect that the originals form part of the records of the Back Tax Bureau Department of the Treasury of the city, and were brought to one of the witnesses (Michel) by the plaintiff, himself, with a view to having the threatened sale postponed, and that it was postponed, at his request.
Upon the subject of the advertisement, we held in the case already decided that the law requiring an advertisement once a week for thirty days was sufficiently complied with, the advertisement having appeared once in each calendar week, though the last two publications were more than seven days apart; and the case of Ronkendorf vs. Taylor’s Lessee, *1568 4th. Peters, 360, in which the Supreme Court of the United States so held, was cited as a precedent. We adhere to that ruling.
The remaining ground, upon which the plaintiff attacks the adjudication to the city, rests upon the fact that the lots in question were sold upon the basis of assessments, some of which had been reduced, without taking notice of the reductions.
It appears from the evidence, that the lots described as lots 1 to 8, in square 393, and 20, 21 and 22 in square 274, were assessed for the taxes of 1882, 1886, and 1887; that no application was made for the reduction of the assessment for 1882 on any of the property; that judgment was obtained, reducing the assessments for 1886, on lots 1 to 8, in square 393, and lot 22 in square 274, from $3,000 to $2,400, and from $3,000 to $2,300, respectively, but that there was no reduction for that year on lots 20 and 21, in square 274; and that judgment was obtained, reducing the assessment for 1887 on lots 1 to 8, in.square 393, and on lots 21 and 22 in square 274, from $2,400 to $1,600, from $3,000 to $2,500, and from $3,000 to $2,000, respectively, but that there was no reduction for 1887, on lot 20 in square 274. So that there was no reduction for 1882 on any of the property, no reduction on lot 20, for either 1882, 1886, or 1887, and no reduction for 1886 on lot 21.
The fact remains, therefore, that while the sale was properly made as to lot 20, for all three years, the other lots, sold for taxes of 1882, 1886 and 1887, were sold under assessments, some of which had been reduced, and hence, were sold for taxes, part of which were, and part of which were not, legally due.
The weight of authority sustains the proposition that such sales are invalid. Cooley on Taxation, 345; Desty on Taxation, Vol. 11, 792; Blackwell on Tax Titles, § 280; Borroughs on Taxation, 301. Nor is this authority affected by the decisions in Clifford vs. Michiner, 49th Ann., 1511, and Russell vs. Lang, 50th Ann., 43, since those cases arose under Act 82 of 1884, the language of which is peculiar and justifies a construction leading to the conclusions announced. See Dibble vs. Lippert, 47th Ann., 792.
The plea of prescription of three years set up by the city cannot prevail under the jurisprudence as established, inasmuch as plaintiff has always retained actual possession of the property, the possession of the city being only the constructive possession resulting from the registry of her title. Breaux vs. Negrotto, 43 A. 426.
*1569 The prescription of five years is inapplicable, as the vice complained of is something' more than a mere informality.
It is not pretended, however, that the plaintiff has paid any of the taxes, whatever, or has offered to pay any, even upon the reduced assessments, or for the years as to which there was no reduction, unless such offer has been made since the appeal was filed in this case; and it is neither just, nor equitable, that he should escape the payment of that which he owes.
In referring' to cases of this kind, Mr. 'Burroughs says, that whilst sales for taxes, partly legal and partly illegal, are invalid, “yet, when a party comes into a court of equity for relief against the sale of land for taxes, and the illegal part can be separated from the legal, the court will require, as a condition of relief against the illegal tax, that the legal tax shall be paid.” Myrick vs. Lacrosse, 17 Wis., 442; Bond vs. Kenosha, Id., 228; Palmer vs. Napoelon, 16 Mich., 176; Conway vs. Waverly, 15 Mich., 257; Frazer et al. vs. Seibeon et al., 16 Ohio, 614. “The last case cited (says the author) was one in which it was claimed that all national banks were taxed at a higher rato than State banks, or rather that the stockholders were so taxed, contrary to the act of Congress on that subject. The court refused to give the relief except upon the payment of a tax equivalent to that paid by the stockholders of the State banks, on the principle that he who seeks equity must do equity.”
Burroughs on Taxation, 301.
In the ease before the court, the plaintiff knew perfectly well what taxes were due, and applied for, and obtained a postponement of the sale of his property ten years ago, since which time he appears to have made no payment, and no atterirpt at payment, even with respect to the taxes as to which there was no question. Under these circumstances, we are of opinion that he is entitled to relief, only on condition of his paying the taxes upon the basis of the legal assessments, reduced or not, as the case may be, together with interest, costs, and charges, as provided by law.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed. And, proceeding to render srch judgment as should be rendered in the case, it is now ordered, adjudged and decreed that, as to the property designated in the petition as lot No. 20 in square No. 274, the injunction restraining the sale of the same be dissolved, and the plaintiff’s claim to be recognized as the owner of said lot be rejected, and his suit dismissed. It is further *1570 ordered, adjudged and decreed that, as to the property designated in said petition as lots 1 to 8, in square 393, and lots 21 and 22 in square 274, the injunction restraining the sale thereof be maintained, subject to the condition that, within sixty days from the date upon which this judgment becomes final, the plaintiff shall pay into the Treasury of the city of New Orleans,
1. The taxes upon lots 1 to 8, in square 393, for the year 1886, upon the basis of an assessment of $2400, and for the year 1887, upon the basis of an assessment of $1600, together with interest, costs and penalties, upon the same bases.
2. The taxes for the year 1882 upon all of said lots, with interest, costs, and penalties, as claimed.
3. The taxes upon lot 22, in square 274, for the year 1886, upon the basis of an assessment of $2300, and for the year 1887, upon the basis of an assessment of $2000, with interest, costs, and penalties, upon the same bases.
4. The taxes on lot No. 21, in square 274, for the year 1887, upon the basis of an assessment of $2500, with interest, costs, and penalties, upon the same basis.
It is further ordered, adjudged and decreed that, in the event of the payment of said taxes, interest, costs, and penalties, as herein provided, the pending injunction be, and it is hereby, made perpetual, and the costs shall be paid by the city of New Orleans. And in the event of the non-payment of said taxes, interest, feosts, and penalties, as herein provided, said injunction be, and the same is hereby dissolved, and the demand of the' plaintiff rejected, and his suit dismissed, at his cost in the lower court.
It is further ordered, adjudged and decreed that the -costs of this appeal be paid by the city of New Orleans.
Rehearing refused.