(34 South. 446.)

No. 14,389.

## In re INTERSTATE LAND CO., Limited.*

(April 13, 1903.)

### TAX SALE—ACTION FOR POSSESSION—EVIDENCE—VALIDITY OF SALE.

Plaintiff sued to be placed in possession of property sold at tax sale.

The defense was that no notice of delinquency had been given, and that the property had not been advertised in the manner required by placing names of owners in alphabetical order.

1. Notice of delinquency was served at domicile by the officer by leaving the notice in the hands of delinquent's wife, a person of age.

(a) Notice of proceedings for the sale of property for taxes is not in all respects like citation, nor is it needful to make the return in all respects conform with return on citation.

(b) Proof of service is admissible.

The presumption omnia rite acta and the affirmative evidence of a disinterested officer overcome denial of a person in interest.

2. While it is true that the validity of a tax title depends upon a strict compliance with the requisites of law, that requirement does not have the effect of invalidating a tax sale on the ground that the "alphabetical" order has not been observed, in that it placed the delinquent's name, "Harris," under the letter "H," but the

---

*Rehearing denied May 25, 1903.

name "Handlin," which is alphabetically superior to "Harris," is placed after "Harris" in the names of taxpayers.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In re Interstate Land Company, Limited. Application to be placed in possession of property sold for taxes. The People's Homestead Association intervene, and John V. Harris brought injunction. From a judgment Harris appeals. Affirmed.

Carroll & Carroll, for appellant John V. Harris. John Dymond, Jr., for appellee Interstate Land Company, Limited. Carroll & Carroll, for appellee People's Homestead Association.

BREAUX, J. The Interstate Land Company, Limited, claiming to be the owner of immovable property described in its petition ·by purchase at tax sale (for taxes of 1898) on June 3, 1899, from the state tax collector for the Fourth District .of New Orleans, asks to be placed in possession of the property, and prays, further, if the owner does not within six months from the date of the service of its petition and citation for possession institute proceedings to annul its title, then that it (plaintiff) have judgment declaring it (plaintiff) owner in full title. This action of plaintiff was met by an injunction by defendant .attacking plaintiff's title on various grounds.

The People's Homestead Association, holder of the vendor's note, intervened, alleging itself to be the holder of a vendor's privilege upon the property for an amount in excess of $2,000.

The following, we understand, are grounds relied upon by defendant and intervener:

(1) That the owner did not receive and was not served with notice of delinquency or of nonpayment of the tax as required, either personally or in any other manner required by law.

(2) That there was no advertisement of the property for sale by the tax collector in the alphabetical order of the names of delinquents.

The plaintiff company joins issue with defendant and intervener, alleging the validity of the tax sale. Those were the issues of the trial. The owner of the property, John V. Harris, plaintiff in injunction, testified upon the trial that no notice of delinquency had ever been served upon him.

We are informed by the learned counsel for plaintiff in injunction that by reason of the fact that the Interstate Company was relying upon an alleged domicile service made upon Harris by leaving the notice at his residence in the hands of his wife. This wife, Mrs. Harris, was called to the stand as a witness that she testified that the notice was not left with her.

The deputy of the tax collector, who served notices to delinquents, was called to the witness stand by the defendant in injunction (the Interstate Land ·Company, Limited) to disprove the testimony of Mrs. Harris, and testified he knew Harris' wife by sight, and spoke to her when he met her at her house when serving notices, and served a notice on her for the delinquency of her husband on the property in the square bounded by South Rampart, Sixth, Dryades, and Washington streets, on the 11th of January, 1899.

A notice in due form, made in accordance with the provisions of Act No. 85 of 1888, Act No. 93 of 1890, Act No. 41 of 1892, and Act No. 170 of 1898, was introduced in evidence, reciting value at which the property had been assessed and the amount of taxes due. It was signed by the tax collector. On the reverse of this notice the return was written by the witness who was deputy tax collector as before mentioned. It recites, in substance, that he served a copy on Harris, by leaving it at his domicile in the hands of Mrs. John V. Harris, a person apparently over the age of 14 years, living in the same domicile, to quote from the officer's return, "whose name and other facts· I learned by interrogating the said Mrs. Harris; the party herein named being absent from his domicile at time of said service."

The testimony shows that this witness was a reliable serving officer in the tax collector's office, with which he was connected from 1888 until 1900. There is other testimony corroborating this witness. Proof shows (but not in the return itself) that the domicile mentioned in the return was 2826 South Rampart street.

As relates to the second ground relied upon by plaintiff in injunction and intervener—

that relating to the alphabetical order required in advertising property of the taxpayers for sale—it appears that the tax collector did not advertise the delinquent taxpayers (among whom Harris, the plaintiff, was one) in alphabetical order. It placed him under the letter H, but the name "Handlin," which is alphabetically superior, came after Harris, in the list of taxpayers.

### Opinion.

Section 42 of Act No. 170, cited supra, requires that the tax collector in the city of New Orleans shall deliver a copy of notice of delinquency to each taxpayer in person, or that he shall leave it at his residence or place of business. We consider that in all such cases it should be made to appear with reasonable certainty that the notice has been served as prescribed by the statute. This, in our case, has been done by the officer in charge of serving notices.

There is no testimony showing or tending to show that the return is false. On the contrary, the weight of the testimony sustains the view that it is correct.

When the officer's return is assailed as in this case, in a case involving the regularity of proceedings in which property was sold at tax sale, the correctness of the return may be shown by testimony of facts preceding or facts succeeding its date. Here both were heard by the court, as evidenced by the testimony, and both corroborate the truth of the return.

It does not occur to us, as a matter of law, that the exact observance in regard to the return of a deputy sheriff, or a sheriff on a citation calling persons to appear in court, applies to service by a deputy tax collector on a delinquent debtor.

But the service and the return in the case before us for decision are very near as exact and as full a compliance as required by the articles of the Code of Practice; that is, taken and considered in connection with the corroborating testimony, the verity of this service is as well shown as correctness of service in any case made and returned under the strict requirement of the Code of Practice. But plaintiff in injunction and intervener assume that, as in case of the return upon a citation, it must show what is required by Code Prac. art. 201, and that no

110 LA.—10

amendment of the return can be made after judgment.

We think that an excerpt from "City of New Orleans Praying to be Put in Possession," 51 La. Ann. 972, 25 South. 686, is a sufficient answer to this assumption.

The strict forms of law laid down in the Code of Practice had not been followed in the cited case infra in matter of the tax title involved. The court said:

"The statutes are sui generis, and neither such a notice nor the service thereof need possess the technical sufficiency of the citation and the return provided for in the Code of Practice."

To that extent we agree with the decision just cited, provided always it be manifest, as in this case, that the notice of delinquency has been served.

Proof of notice of a tax notice has always been deemed admissible. City of New Orleans Praying to be Put into Possession, 51 La. Ann. 974, 25 South. 686; Hoyle et al. v. Southern Athletic Club, 48 La. Ann. 883, 19 South. 937; Montgomery et al. v. Land & Lumber Co. et al., 46 La. Ann. 410, 15 South. 63; In re City of New Orleans Praying, etc., 52 La. Ann. 1076, 27 South. 592; Hansen v. Civil Sheriff et al., 52 La. Ann. 1567, 28 South. 167.

With reference to the "domicile" service to be made by the tax collector, it need not be, as contended by plaintiff in injunction, strictly in accordance with the service required to be made on citation in a suit.

There is no particular form of return prescribed by the revenue law when the service is at domicile. We do not think we should read the article of the Code of Practice upon the subject into the revenue law. But, says learned counsel, unless the tax collector is required to make the domicile service defined in the Code of Practice, he may make it in any manner which his fancy may suggest; for example, by throwing the notice in the yard, or by leaving it with an infant.

No such a domicile service would be sustained by any court. The statutes provide, when the service is at domicile, that the notice shall be left at the residence or place of business.

The statute contemplates a reasonable service at domicile, and a written return; and, further, it has been held, as will be seen by

reference to In re City of New Orleans, 51 La. Ann. 972, 25 South. 686, that this return can be sustained by testimony when it is attacked as false, as it was attacked in the case here.

It is not necessary for us to go to the extent of holding, as was held in Hoyle v. Athletic Club, 48 La. Ann. 879, 19 South. 937, that:

"When the requirements of the statute providing for notices to delinquent taxpayers are carried out, it would not follow that the notices were ineffectual because they did not reach the parties for whom intended."

In the case before us for decision, the preponderance of testimony shows that the notice of delinquency was served. The officer so testifies, and his testimony is not shaken by the denial of defendant's wife. He was not interested as the testimony shows, for we understand that he was not an officer at the date of the trial.

"His return of itself should stand, unless it clearly appears that it was false." Montgomery et al. v. Land & Lumber Company, 46 La. Ann. 410, 15 South. 63.

Moreover, the denial of a person in interest will be of no advantage, for "affirmance evidence of a disinterested witness, corroborated by public record, * * * is sufficient to overcome the bare denial under oath of the party in interest upon the subject" of giving statutory notice. In re City of New Orleans Praying to be Put in Possession, 52 La. Ann. 1073, 27 South. 592.

Again:

"The testimony of disinterested officer's corroborating a public record which he made held to overcome the denial under oath of party in interest as to notice required by Constitution of 1879, art. 210." Hansen v. Civil Sheriff et al., 52 La. Ann. 1565, 28 South. 167.

True, the statute in its wisdom has prescribed that the tax collector shall advertise sales for delinquent taxes in alphabetical order. Section 53 of Act No. 170 of 1898.

The failure to comply with this provision (limited as it is in this instance) does not afford ground sufficient to set aside a tax sale. The names were placed in alphabetical order on the tax advertisement. Harris was among the H's. The order followed was sufficiently alphabetical for all useful purposes.

Whether "Harris" was placed before "Handlin," or vice versa, the intended notice was given by the advertisement. A person who is delinquent will never stop at the place in the column to see whether or not the delinquency is advertised. A few names above or a few names below in the group containing the initial is notice enough, in the absence of all presumption that the taxpayer had in the least been prejudiced by the publication as made.

We have reviewed the issues, and concluded, after the examination, that the judgment appealed from should stand.

For the reasons assigned, the law and the evidence being in favor of the Interstate Land Company, Limited, and against the plaintiff in injunction and the intervener, the judgment is affirmed at appellant's costs.

NICHOLLS, C. J., recused.