(38 South. 75.)

No. 15,192.

TIEMAN et al. v. JOHNSTON, Sheriff, et al.

(Feb. 13, 1905.)

SUPREME COURT—JURISDICTION—TAX TITLES—PRESCRIPTION — ASSESSMENT—TAX NOTICE—EVIDENCE—TAX SALE—ADVERTISEMENT—WRIT OF POSSESSION.

1. Where the jurisdiction of this court depends in part upon an amount claimed as damages, the appeal will not be dismissed unless the claim so made is clearly fictitious.

2. Prescription does not run in favor of tax titles where the tax debtor is allowed to remain in possession of the property.

3. Where a widow uses the initials of her deceased husband, and is known by his name, an assessment in which she is so described is sufficient.

4. The testimony of a deputy sheriff to the effect that he mailed a tax notice in compliance

with sections 50 and 51 of Act No. 85, p. 129, of 1888, sufficiently proves the fact, when he remembers that he prepared and mailed notices to all delinquents, and double-checked them, though he is unable to recall the particular notice.

5. Where the advertisement of a tax sale, notifying the public that the least quantity of the property which any bidder will buy will be sold, is read at the offering, and the tax collector further calls upon those present to designate the least quantity which any of them will buy, the law requiring the least quantity, etc., to be offered, is sufficiently complied with.

6. Where a tax purchaser with a valid title obtains a writ of possession, and such writ is executed after notice to, and without opposition on the part of, the tax debtor, the latter has no just cause of complaint on the ground of informality in the proceedings.

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court, Parish of Ouachita; Luther Egbert Hall, Judge.

Action by Maggie Tieman and another against D. A. Johnston, sheriff, and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Cherubusco Newton, for appellants. John Merritt Munholland, for appellees.

### Statement.

MONROE, J. Plaintiff Mrs. Tieman, aided by her husband, sues to annul a tax sale, and to recover damages for an alleged eviction; the grounds of action stated in the petition being substantially as follows:

That the assessment for the year 1896, under which the sale was made, was illegal, in that it was in the name of Mrs. D. J. Doyle, when it should have been in the name of Mrs. Maggie Doyle.

That no notice of the proposed sale was ever sent to or received by her.

That the sheriff, in making the sale, also represented the adjudicatee.

That the whole property was offered, and not the least portion as required by law.

That when plaintiff learned of the sale she made repeated offers of the taxes, penalties, and costs, and the offers were refused.

That the proceeding whereby she was dispossessed was illegal, because conducted without citation or notice to her.

That the writ of possession, when executed, had expired.

That she has sustained damage in deprivation and dilapidation of the property, humiliation, and inconvenience.

The defendant pleads various terms of prescription, and, for answer, alleges that she acquired the property in good faith, and holds it by a valid title; that plaintiff was afforded ample opportunity to redeem it, and declined to avail herself of the same; and that she acquiesced in the sale. Defendant further alleges she has paid taxes and has made other expenditures, and, in case of an adverse judgment, prays that the same be reimbursed.

The facts disclosed by the record are that in 1897, and for several years prior thereto, the plaintiff, being the widow of D. J. Doyle, was known as Mrs. D. J. Doyle, and also as Mrs. Maggie Doyle; that in March or April of 1897, the taxes on the property in question for the year 1896, assessed in the name of Mrs. D. J. Doyle, being unpaid, notice of the delinquency, addressed to her in that name at Monroe, where she then lived, duly stamped, and advising her that unless the taxes were paid the property would be sold, was deposited in the post office at Monroe; that the property was thereafter duly advertised, and upon the day of the sale was offered, by calling upon those present to designate the least portion which any one would buy for the taxes, interest, and costs due, and, there being no bid save for the whole, the whole was adjudicated to the defendant, who was represented by her stepson, and not by the sheriff; that the plaintiff made no attempt to redeem the property within the time allowed by law, but, after the delay had expired, was afforded an opportunity to redeem, and was urged to redeem, and promised, but failed, to do so; that in 1899 the

defendant applied for and obtained an order for a writ of possession, of which plaintiff was notified by personal service on August 7, 1899, and that a similar notice, including a notice to vacate the premises, was served on her upon August 19, 1899; that the writ of possession was issued August 30,,1899, but was not executed until April 1, 1902; that in the meanwhile, for a considerable period, the larger of the two houses on the lot had been occupied by a person who, without objection from the plaintiff, so far as appears from the record, recognized the defendant as lessor, but that, when the person mentioned vacated said house, the plaintiff moved in from the smaller house, which she had been occupying, and that the writ of possession was thereupon executed.

## Opinion.

### On Motion to Dismiss.

Defendant moves to dismiss the appeal on the ground that the amount involved is less than that required to give this court jurisdiction. The claim for damages resulting from the eviction of the plaintiff, which is necessary for the maintenance of the jurisdiction, rests upon doubtful grounds, is to some extent vaguely expressed, and was but lightly touched upon during the trial; nevertheless we are not prepared to say that it is so entirely fictitious as to justify the dismissal of the appeal.

The motion to dismiss is therefore denied.

### On Plea of Prescription.

It has several times been held by this court that prescription does not run in favor of tax titles whilst the owner is allowed to remain in possession. In re Seim, 111 La. Ann. 554, 35 South. 744; Koen v. Martin, 110 La. Ann. 242, 34 South. 429; Carey v. Cagney, 109 La. Ann. 77, 33 South. 89. The plea of prescription is therefore overruled.

### On the Merits.

The plaintiff herself testifies that, from the time of her first husband's death until her second marriage, she used the initials of her first husband, and was known as Mrs. D. J. Doyle.

Under such circumstances, there was no error in so describing her for the purposes of an assessment made during that period. The testimony of the deputy sheriff as to the mailing of the notice of the proposed sale is as circumstantial as could be expected.

He does not undertake to say that, after a lapse of more than five years, he remembers the particular notice in question, but he does say positively that the notice was mailed; and he explains that he made out notices to all delinquents, checked them from the tax rolls, and then checked them back, in order to see that none had been omitted, and that the notices made out were duly mailed. This, we think, must be considered sufficient to prove a compliance with the law (sections 50, 51, Act No. 85, p. 129, of 1888).

The tax deed contains the recital, "I proceeded to offer the least portion or quantity of said property of the tax debtor, which any bidder would buy for the amount of taxes, penalties, interest and costs due by said debtor;" and this recital is corroborated by the uncontradicted testimony of the deputy sheriff by whom the sale was made.

The terms of the offer as thus made, it has been held, constitute a sufficient compliance with the constitutional provision relied on. Cane v. Herndon, 107 La. Ann. 591, 32 South. 33. We therefore find no defect in the title, and, as the plaintiff received ample notice of the application for the writ of possession, and took no steps to stay its execution, there is no ground presented upon which relief can be afforded her.

The judgment appealed from is accordingly affirmed.