O’NIELL, J.
This is an action to confirm a tax title for a half interest in a tract of land in Calcasieu parish. The whole tract was sold to one Isaac Vincent, in June, 1911, for the unpaid taxes of 1910, assessed in the name “Park, Wilcox et al.” The land was owned by Joe M. Park, Sam Park, A. W. Wilcox, and G. R. Warnsbrough, each having an undivided fourth interest, at the time of the assessment and sale. Isaac Vincent afterwards transferred to J. C. Wilson the tax title for the fourth interest that had belonged to G. R. Warnsbrough, and transferred the title for the remaining three-fourths interest to the plaintiff in this suit, G. L. Adsit. He reconveyed to A. W. Wilcox the fourth interest acquired from him. The tax title in contest, therefore, is for the half interest that belonged to Joe M. Park and Sam Park, the defendants in this suit.
The district court gave judgment in favor of defendants, declaring the tax sale null because the assessment was not made in the name of the owners of the property and because they were not given notice of delinquency. Defendants were condemned to pay plaintiff half of the amount of the taxes, interest, costs, and penalties, for which the property was sold to Vincent. Plaintiff prosecutes this appeal.
The laud in contest was held by W. B. Tucker under an oil and gas lease from Sam Park, Joe M. Park, A. W. Wilcox, and G. R. *937 Warnsbrough. Tucker transferred a half interest in the lease to J. C. Wilson, on November 30, 1910, and Wilson transferred the half interest in the lease to a corporation called the Wilson-Broach Company, on October 12, 1911. The plaintiff in this suit was in charge of the oil field of the Wilson-Broach Company, and under his management the company drilled several wells, all producing oil; the first having been drilled in the latter part of the year 1910.
[1] It is conceded by counsel for appellant that, as the lessees of the defendants continued to occupy the property after the tax sale, the tax title is not protected by the prescription of three years. See Carey v. Cagney, 109 La. 77, 33 South. 89; Koen v. Martin, 110 La. 242, 34 South. 429; In re Seim, 111 La. 554, 35 South. 744; In re Sheehy, 119 La. 608, 44 South. 315; Bartley v. Sallier, 118 La. 94, 42 South. 657; Little River Lumber Co. v. Thompson, 118 La. 284, 42 South. 938; Head v. Howcott Land Co., 119 La. 331, 44 South. 117; Hirst v. Xeter Realty Co., 138 La. 398, 70 South. 339. Appellant’s attorneys, therefore, admit in their brief that the judgment in- favor of defendants should be affirmed unless we conclude that the tax collector complied with all legal requirements for giving notice of delinquency to the tax debtors before selling their property.
The notice of delinquency was sent by registered letter addressed to “Park, Wilcox et al., Beaumont, Texas,” but was not delivered to any one of the owners of the property, nor to a representative of any of them. The sealed envelope containing the notice was returned to the tax collector, and he was thereby informed, two months before the date of sale, that the tax debtors had not received notice of the intended sale. The tax collector made no further effort to give notice to the tax debtors, although both Joe M. Park and Sam Park were well known to the tax collector, and Sam Park had his residence in the parish of Calcasieu. He had an office also in Beaumont, Tex., and attended to the business affairs of Joe M. Park, who lived in California. Both men were well known in Calcasieu parish, and the tax collector could have learned the post office address of either of them without much effort, if he did not know the address. Sam Park was also well known in Beaumont, Tex.; and there is little or no doubt that he would have received the notice if it had been addressed to him instead of “Park, Wilcox et al.”
The full name of each of the four owners of the property was stated in their title deed which had been on record ten years when' the property was sold for taxes. It had been sold to the state in 1902 for delinquent taxes of 1901, but was promptly redeemed; the names of the owners being stated in the certificate of redemption as “Park, Wilcox, Warnsbrough & Park.” The title did not appear anywhere in the name of “Park, Wilcox et al.,” nor was the property ever assessed for taxes in that name until 1910. There was no firm or association bearing the name “Park, Wilcox et al.,” either in Calcasieu parish or in Beaumont, Tex.
[2] It has been held several times that the failure of a tax debtor to receive notice of delinquency does not prevent the tax collector’s making a valid sale of the property assessed for taxes, provided the tax collector has complied with the legal requirements for giving notice, as, by addressing the notice to the tax debtor and sending it by registered mail, as required by sections 50 and 51 of Act No. 170 of 1898. But the rulings of the court have been consistent, in this, that a sale of property for delinquent taxes is invalid if the tax collector has failed to comply with the requirements of law for giving notice to the tax debtor and if, in conse *939 quence, tlie tax debtor did not have notice previous to the sale.
[3] Article 233 of the Constitution authorizes the tax collector to advertise property for sale for taxes, only “after giving notice to the delinquent in the manner to be provided ■ by law.” The manner provided by ■law, for giving “notice to the delinquent,” is that “the tax collector or sheriff shall address to each taxpayer who has not paid all the taxes which have been assessed to him on immovable property a written or printed notice,” which notice (in the country parishes) shall be sent by registered mail to the residence or place of business of each delinquent tax debtor. See sections 50 and 51 of Act No. 170 of 1898.
With regard to “giving notice to the delinquent in the manner to be provided by law,” article 233 of the Constitution of 1898 and of 1913 corresponds with article 210 of the Constitution of 1879, except that the latter contained a proviso that the manner of giving the notice should not be by publication, except in the case of unknown owners. In Geddes v. Cunningham, 104 La. 306, 29 South. 138 (decided in 1901, but with reference to the Constitution of 1879), it was said that the Legislature could not dispense with the requirement of the Constitution for “giving notice to the delinquent”; that the term “delinquent” meant the owner at the time of issuing the notice; and that, in that respect, the law remained as it was before the adoption of the Acts Nos. 106 and 140 of 1890, authorizing assessments to be made in the name of the record owner, whether dead or alive. To the same effect was the ruling in each of the following cases, viz.: Tensas Delta Land Co. v. Sholars, 105 La. 358, 29 South. 908; Foreman v. Hinchcliffe, 106 La. 225, 30 South. 762; Bartley v. Sallier, 118 La. 93, 42 South. 657; In re Interstate Land Co., 118 La. 587, 43 South. 173; Riddell v. Rice, 128 La. 241, 54 South. 785; McCrory v. Bradford, 130 La. 212, 57 South. 892; and Foreman v. Fontenot, 131 La. 925, 60 South. 618.
The ruling in McCrory v. Bradford, supra, is particularly applicable to the case before us. The notice of delinquency was addressed to the tax debtor, Byrd McCrory, and was mailed to Burnside, where McCrory had resided; but he had moved to Hobard, and the sealed envelope containing the notice, and bearing the notation “Moved to Hobard,” was returned by the postmaster at Burnside to the tax collector. He made no further effort to serve the notice; and, although he had technically complied with the requirement of the law by mailing the notice to the tax debtor, addressed to the residence given on the assessment roll, it was held that, when informed that the notice had not been delivered to the tax debtor, the tax collector should have used some diligence to make an effective service of notice; and that his failure in that respect was fatal to the tax sale. The following excerpt from the opinion is very appropriate, viz.:
“The officer, whose duty it was to issue notices and serve them on taxpayers, was unmistakably informed that the post office of plaintiff was not Burnside, but Hobard. He knew that the notice had not been served, and on its return it should have been properly addressed and mailed. Notice is a constitutional requirement, and whenever notice is due, as in this case, the want of notice is fatal to the tax sale. There is no evidence before us that the taxpayer was at fault or in any way negligent. He was not notified; and the fact that a letter was addressed to him in the manner that this letter was addressed and returned, with an indorsement informing the officer of the post office at which to address the taxpayer, is not the notice required. Something more should have been done upon the return of the letter, and there should have been some little diligence to avoid the absolute want of notice. [Citation of several decisions.] * * *
“Some importance is attached to the fact, on the part of the defendants, that the name and address of McCrory appeared on the assessment rolls of 1905. It does not appear by whom it was written on this roll. It was writ *941 ten there in compliance with the requirement of láw, but by whom is not of any moment in this instance. It does not appear that the plaintiff knew that his address was thus written on the assessment roll; but, even if he had known, it would not have relieved the sheriff of the duty of remailing the letter, addressed to the proper post office, after it had been returned. If an erroneous ■ address is written on the assessment roll, it would serve no purpose to prove that the registered letter was addressed to another than the post office of the taxpayer, particularly when it appears that the sheriff knew that it was not the proper address of the taxpayer.”
[4, 5] The case before us is more favorable to the defendants, in this, that the notice was not addressed in the name of either of the delinquent tax debtors. For it is well settled that addressing a notice to one of several joint owners “et al.” is not a compliance, with the law, as to the other joint owners.
With regard to making the assessment and sending the notice in the name “Park, Wilcox et al.,” appellant relies upon the decision in Hood et al. v. City of New Orleans et al., 49 La. Ann. 1461, 22 South. 401; but it appears that the only expressions in the opinion that are appropriate to the case before us are unfavorable to appellant. The objects of the suit were (1) to annul a tax sale to the state, (2) to erase from the mortgage records a subsequent assessment of. the property for state and municipal taxes, and (3) to prevent by injunction a sale of the property assessed for the state and municipal taxes, assessed in the name “Annabel Hood et al., minors.” The complaint was that, the assessment should have been made in the name of each and all of the nine plaintiffs, co-owners of the property (children of the deceased Gen. John B. Hood); and that there was an error in the lot numbers of the property assessed. The judgment of the district court, from which the plaintiffs appealed, and which was affirmed on appeal, maintained the injunction against the city and annulled the tax sale to the state, hut rejected plaintiffs’ demand to have the subsequent assessments canceled. The ruling, therefore, was (1) that the tax sale to the state under such an assessment was illegal; (2) that the city could not make a valid tax sale under such an assessment; but (3) that the plaintiffs, as owners of the property, had •no right to withhold payment of the taxes they owed and have the assessments canceled, merely because of the error in the assessments. With regard to the demand for cancellation of the assessment, it was said:
“It must be borne in mind that this was not an action in which a third person claims title under a tax deed.”
It was said, too, that, as the assessor might yet correct the errors in the assessments, there was no equity in plaintiffs’ demand to have the assessments canceled. With regard to the tax sale that had already been made, however, the decision was that the assessment having been made in the name of only one co-owner “et al.” made the sale invalid.
The case of R. McWilliams v. Gulf States Land & Improvement Co., 111 La. 194, 35 South. 514, was a suit to annul a tax sale because the property belonging jointly to eight persons, of whom Clarence J. Harvey was one,’ was sold under an assessment in the name “Clarence Harvey et al.” The suit was dismissed on an exception of no cause of action, and the judgment was reversed on appeal. The ruling, as stated in the syllabus, was:
“The allegation that property belonging to eight persons in indivisión has been assessed in the name of one of them with the suffix ‘et al.’ is sufficient to disclose a cause of action, in a suit brought by the vendee of such persons to annul a sale for taxes predicated on such assessment, at least as to the interest acquired from the parties not named.”
Making an assessment, and addressing a notice of delinquency, in the owner's sur *943 name only, without even an initial, is not a compliance with the requirement to assess the property and address the notice in the name of the owner. Hence, making an assessment and addressing the notice in the name “Park, Wilcox et al.” is not a compliance with the law, as to any of the four co-owners of the property assessed.
Appellant cites and relies upon the following decisions, viz.: Hoyle v. Southern Athletic Club, 48 La. Ann. 878, 19 South. 937; Hood v. City of New Orleans, 49 La. Ann. 1461, 22 South. 401; Howcott v. City of New Orleans, 107 La. 305, 31 South. 668: In re Interstate Land Co., 110 La. 286, 34 South. 446; Tieman v. Johnston, Tax Collector, et al., 114 La. 112, 38 South. 75; J. M. Guffey Petroleum Co. v. Murrel, Tax Collector, 127 La. 466, 53 South. 705; Baum v. Smith, 127 La. 1089, 54 South. 399; and McCrory v. Bradford et al., 130 La. 212, 57 South. 892.
Our analysis of each of the decisions cited by appellant discloses that, as far as the rulings are appropriate to the case before us, they are in accord with the judgment appealed from.
Hoyle v. Southern Athletic Club, 48 La. Ann. 879, 19 South. 937, is authority for the proposition that, when the requirements of the law for giving notice to the delinquent tax debtor have been complied with, the failure of the tax debtor to receive the notice is not fatal to the ta'x sale. But it is the converse of the proposition, as stated in the second paragraph of the syllabus of the case cited, that has application to the case before us, viz.:
“When property is assessed in the name of ‘Estate of J. M. Hoyle,’ a notice addressed by the tax collector to the ‘Estate of J. M. Hoyle,’ placed and prepaid in the post office, is not a compliance by the tax collector with the requirements of law.”
And in the body of the opinion this pertinent language was used:
“Article 210 of the Constitution [of 1879], in requiring that notice should be given to the taxpayer, evidently contemplated that reasonably diligent steps should be taken to make the notice effectual. It has always been recognized that a strict observance of the formalities called for by the law is exacted in matters of tax sales —a stricter observance in fact than in almost any forced proceeding under and through which ownership of property is made to shift. * * * After consideration of this case, we have reached the conclusion that the adjudication to the state must be held to have conveyed no title to it for want of proper notice.”
We have shown that the decision in 1-Iood v. City of New Orleans is in accord with the judgment appealed from.
The ruling in Howcott v. City of New Orleans, 107 La. 305, 31 South. 668, was that an assessment in the names “C. & E. Chamberlain,” of property belonging to Charles M. Chamberlain and Edward Chamberlain, was a valid assessment, notwithstanding the middle initial of one of the co-owners was omitted. The title of C. and E. Chamberlain was a matter of record at the time of the assessment, but was afterwards annulled. The decision is not authority on the question of notice, because, referring to an admission in the record, it was said in the opinion:
“We must presume that notice of the pretended sale was given to those who, within the meaning of article 210 of the Constitution of 1879, were to be considered the owners.”
The decision in Re Interstate Land Co., 110 La. 286, 34 South. 446, turned solely on a conclusion of fact. The notice of delinquency, properly addressed to the owner, was served by delivering the notice to his wife, at his residence; and due return was made on a copy of the notice. She testified that she had not received the notice; but the deputy sheriff who had made the return testified that he had handed the notice to her in person, at her residence, and that he knew her at the time. There was proof that the deputy “was a reliable serving officer in the tax collector’s office.” Referring to his *945 record and to the attempt to impeach the return he had made on the notice, the court said:
“There is no testimony showing or tending to show that the return is false. On the contrary, the weight of the testimony sustains the view that it is correct.”
The decision, therefore, is not, and does not purport to be, authority for any doctrine on the subject of notice to delinquent tax debtors.
Tieman v. Johnston, Tax Collector, et al., 114 La. 112, 38 South. 75, was an action to annul a tax sale, the alleged causes of nullity (as far as they are at all pertinent to the case before us) being (1) that the assessment was in the name of Mrs. D. J. Doyle when the name o£ plaintiff, then owner of the property, was Mrs. Maggie Doyle; and (2) “that no notice of the proposed sale was< ever sent to or received by her.” The following quotation from the opinion shows that the decision is not at all applicable to the case before us, viz.:
“The plaintiff herself testifies that, from the time of her first husband’s death until her second marriage, she used the initials of her first husband, and was known as Mrs. D. J. Doyle. Under such circumstances, there was no error in so describing her for the purposes of an assessment made during that period. The testimony of the deputy sheriff as to the mailing of the notice of the proposed sale is as circumstantial as could be expected. He does not undertake to say that, after a lapse of more than five years, he remembers the particular notice in question, but he does say positively that the notice was mailed; and he explains that he made out notices to all delinquents, checked them from the tax rolls, and then checked them back, in order to see that none had been omitted, and that the notices made out were duly mailéd. This, we think, must be considered sufficient to prove a compliance with the law (sections 50, 51, Act No. 85, p. 129, of 1888).”
The case of J. M. Guffey Petroleum Co. v. Murrel, Tax Collector, 127 La. 466, 53 South. 705, was a proceeding by rule to annul an assessment and to prevent by injunction the tax collector’s selling the plaintiff’s property for taxes. One of the complaints was that the assessment was not in the name of the plaintiff corporation, the owner of the property. ' • The error in the assessment consisted in calling the tax debtor the Guffey Oil Company. The ruling was that, as the assessment had been made in that name for several years, to the knowledge of the plaintiff and without complaint, and as the plaintiff had • “doubtless paid other taxes in that ñame,” there was no equity or merit in the demand for an injunction or to have the assessment annulled. According to the doctrine stated in Hood v. City of New Orleans, supra, the ruling would have been otherwise if the property had been sold for taxes assessed in the name of the Guffey Oil Company, without notice to the J. M. Guffey Petroleum Company.
We have already shown that the decision in McCrory v. Bradford et al., 130 La. 212, 57 South. 892, is in accord with the judgment rendered in the case before us.
The decision in Baum v. Smith, 127 La. 1089, 54 South. 399 (like In re Interstate Land Co., and as in the case of Mrs. Tieman v. Johnson, Tax Collector, supra), was merely that there was a preponderance of evidence. that the tax debtor had received the notice of delinquency. The notice was mailed to him, properly addressed, and was not returned to the tax collector. The ruling was that, under the circumstances, “the tax sale” should not “be set aside, simply because the tax debtor was able or willing to testify that as a matter of fact he never received the delinquency notice.”
[6] Appellant pleaded in the district court, and urges the plea here, as an estoppel, that defendants should not be heard to complain that the assessment was made and notice given in the name “Park, Wilcox et al.,” *947 because, in 1909, tbe assessment was made in tbe name “Park, Wilcox, Warnsbrough and Park,” and the taxes so assessed were paid. As was said in tbe case of McOrory v. Bradford, supra, there is no proof that the owners authorized the assessor to use only their surnames, in assessing the property in 1909. And, if they did, it would not operate as an estoppel to prevent their complaining of the assessment in the next following year being made in the name “Park, Wilcox et al.” Besides, the error in the assessment, in that respect, is not so important as is the fact that the tax collector did not properly address the notice of delinquence to any of the owners of the property, and that, in consequence, they did not have notice before the sale.
[7, 8] Appellant also invokes, in support of his plea of estoppel, section 14 of the Act No. 170 of 1898 (as amended by section 3 of Act No. 182 of 1906), to the effect that the failure or neglect of a taxpayer to furnish the assessor a list and valuation of his property, sworn to by the taxpayer, “shall act as estopping the taxpayer from contesting the correctness of the assessment list filed by the assessor.” The “assessment list” referred to is the list furnished by the assessor to the board of equalization, as is explained fully in the statute; and what the taxpayer is estopped from contesting, if he fails to make the return, is the value put, upon his property by the assessor. See Palmer Co. v. Police Jury, 142 La. 1076, 78 South. 122. The statute in question has no reference to the requirement of the law that the assessor must assess the property to its owner or to the person appearing of record as owner; nor can the statute alter the constitutional requirement that the tax collector shall, before advertising property for sale for delinquent taxes, give notice to the delinquent. Hen®e we find no merit in appellant’s plea of estoppel.
The judgment' appealed from is affirmed.