No. 2267

Second Circuit

---

HAWKINS v. SHUTT

---

(March 14, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Taxation—Par. 281, 283, 330, 338.**

A sale of immovable property for delinquent taxes without previous notice of delinquency to the tax debtor is null and void.

    Sections 50 and 51, Act No. 70 of 1898.

    Adsit vs. Park, 144 La. 934, 81 So. 430.

2. **Louisiana Digest—Taxation—Par. 283.**

The person to whom notice of tax delinquency must be given is the actual owner of the property on the day that proceedings are initiated to sell it for delinquent taxes.

    In re Lafferranderie, 114 La. 6, 37 So. 990.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Chaney Rawls Hawkins against H. G. Shutt.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. C. Butler, of Shreveport, attorney for plaintiff, appellee.

George Thurber, of Shreveport, attorney for defendant, appellant.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Chaney Rawls Hawkins, sues defendant, H. G. Shutt, to annul a sale of immovable property belonging to her made to him for taxes of the year 1920 under assessment to Chaney Rawls, on the ground that no notice of tax delinquency was given to her and that she was not aware of the intended sale. She alleges that she duly tendered defendant the price paid by him for the property and interest thereon and that he refused to accept it.

The defense is that the property was legally sold, and, in the alternative, should the sale be annulled, defendant asks for judgment in reconvention for the price paid for the property and interest.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant annulling the sale. Defendant's reconventional demand was not passed on. Defendant appealed.

## OPINION.

Plaintiff purchased the property in the year 1919 in her then name of Chaney Rawls and her title was duly recorded. Thereafter she married William H. Hawkins. It was assessed to her on the tax rolls for the year 1920 in the name of Chaney Rawls. In the month of February, 1921, she sold the property in the name of Chaney Rawls, wife of William H. Hawkins, and in March, of the same year, she reacquired it in the name of Chaney Rawls, wife of William H. Hawkins, both titles being duly registered. The taxes for the year 1920 not being paid the property was sold by the sheriff and ex-officio tax collector to defendant, H. G. Shutt, and on September 8, 1921, a tax collector's deed was made to him therefor and it was duly recorded.

A notice of tax delinquency addressed to "Chaney Rawls, Shreveport, Louisiana," was duly mailed by the sheriff and ex-officio tax collector and in due course was returned to him by the postoffice authorities as uncalled for.

At the time the notice was mailed plaintiff resided in the city of Shreveport but but outside of the limits within which mail was delivered by carrier.

The city directory for the year 1921 of the City of Shreveport contained this information:

"Hawkins, Wm. H. (c.) (Chaney) lab. Ozan Lbr. Co., r. 1026½ Carter al."

That address was within the limits that mail was delivered by carrier. She had resided there and though at the time of the mailing of the notice of tax delinquency she no longer resided there, mail addressed to her there had been left with some person there for her who had either carried it to her or sent it to her by special messenger.

"Notice of tax delinquency must be given to him who is the owner of the delinquent property at the time the notice is issued." Adsit vs. Park, 144 La. 934, 81 So: 430.

The notice of tax delinquency in the case at bar was issued to "Chaney Rawls" and at the time of the issuing of it "Chaney Rawls Hawkins" was the owner of the property. The notice did not reach her and she was not aware that the taxes were unpaid.

The notice was insufficient to support the tax sale and the sale was null and void.

Defendant contends that "the owner at the time of issuing of the notice" means the name in which the property was assessed and in which the title stood on the public records on the first day of January of the year for which it was assessed; that as the property was assessed to Chaney Rawls and the title to it stood in that name on the public records, on the first day of the year for which the assessment was made, it was proper to issue notice of tax delinquency in that name; and that as she lived in the City of Shreveport at the time the notice was issued, though outside of the limits within which mail was delivered by carrier, it was also proper to address the notice to her at "Shreveport, Louisiana."

The judge of the lower court did not accept this contention nor do we.

In March, 1921, several months before the notice of tax delinquency was issued, a deed had been recorded reconveying the property to plaintiff under the name of Chaney Rawls Hawkins. This record was notice to the sheriff and ex-officio tax collector of the change of plaintiff's name from Chaney Rawls to Chaney Rawls Hawkins and he should have taken cognizance of it and issued and addressed the notice to Chaney Rawls Hawkins instead of Chaney Rawls.

Adsit vs. Park, 144 La. 934, 81 So. 430.

In the alternative defendant reconvened against plaintiff for the price he paid for the property and interest, but the demand was not passed on by the trial court.

"No judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser."

Defendant was entitled to judgment on his reconventional demand for the amount so paid and interest.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended and that defendant, H. G. Shutt, do have judgment against plaintiff, Chaney Rawls Hawkins, for the price paid by him for the property and all taxes and costs, with ten per cent per annum interest on the amount of the price and taxes paid from the date of respective payments, and that the judgment annulling the tax sale shall not have effect until the same be previously paid to defendant.

It is further ordered, adjudged and decreed that in all other respects the judgment appealed from be affirmed.

The costs in the District Court to be paid by defendant; those in this court to be paid by plaintiff.