*930
 
 On the Merits.
 

 LAND, J.
 

 This is a petitory action in which plaintiff prays to be recognized as the owner of Lot No. A. 14 in square No. 139 in the Second district of the city of New Orleans, and to be sent into possession, and also for rent of the premises at the rate of $25 per month from November 16, 1925, until possession is given to plaintiff.
 

 Judgment was rendered in the lower court recognizing plaintiff as the owner of the property in dispute, and awarding plaintiff the sum of $650 for rent of the premises from January 13, 1927, to date, with legal interest from date until paid.
 

 From this judgment defendant has appealed.
 

 Plaintiff purchased the property for $500 cash from Alfred Mereier on January 4, 1927. Mereier bid in the property at tax sale, October 17, 1925, for the state taxes assessed against it for the year 1924, in the name of Felicie Villavaso, the defendant, as owner.
 

 On November 16, 1925, the state tax collector executed a deed to Mereier.
 

 Defendant attacks the validity of the tax sale for the following reasons:
 

 (a) That no notice of the tax sale was served upon defendant, or upon any one authorized to receive such notice.
 

 (b) That no tax was due by defendant, as she did not have title to the property, but had merely bought out the rights of certain parties to their interests in the property.
 

 (c) That the title of record had always been in the name of the estate of Plaeide Marcelin, who left minor children and whose succession has been, and is still, under administration.
 

 (d)That the advertisement under which the tax sale was made was not sufficient to identify any particular piece of property.
 

 1. Plaeide Marcelin died in the city of New Orleans April 8, 1922, without lawful ascendants or descendants. He left four illegitimate children, born of the illicit union existing between decedent and Felicie Villavaso. These children were instituted universal legatees in the last will and testament of the deceased, nuncupative in form by public act, and Felieie Villavaso was named therein executrix of his estate. Letters testamentary were issued to her, and an inventory of the property of the succession was made.
 

 The- right of these illegitimate children to the estate of Plaeide Marcelin was attacked by his collateral heirs, and on June 1, 1923, Felicie Villavaso, in her capacity as femme sole, purchased for the sum of $1,250 cash all of the right, title, and interest of these heirs in and to the property in dispute. This deed was duly recorded in the conveyance office for the parish of Orleans.
 

 The property was, therefore, properly assessed in her name, as the owner of record, for the taxes due the state for the year, 1924. Act No. 140 of 1890, § 2.
 

 2. The description of the property in the advertisement for the tax sale is as follows:
 

 “A certain portion of ground and improvements thereon in the Second District of the City of New Orleans, in square bounded by St. Claude, Liberty, St. Philip and Ursuline Avenue, designated as lot No. A. 14 in.Square No. 139; said lot No. A. 14 measures 18.2 feet front on North Liberty Street by depth of 133.2 feet.”
 

 It appears from the act of sale by which Felicie Villavaso acquired this property that
 
 *932
 
 the same wat purchased according to a plan made by Uncas Lewis, surveyor, dated August 14, 1915, and it is apparent, therefore, that this particular property is susceptible of easy identification and proper location, by reference to this plan, in connection with the description given in the advertisement for sale.
 

 Besides, as said in Russell v. Lang, 50 La. Ann. 42, 23 So. 113, 115: “In the instant case the number of the square was given, by what streets bounded, and the numbers by which the lots were designated in the square were stated. That sufficed for identification. Woolfolk v. Fonbene, 15 La. Ann. 15 ; In re Douglas, 41 La. Ann. 765, 6 So. 675:”
 

 3. The service of notice for delinquent state taxes for 1924 appears from the following certificate of the deputy state tax collector for the city of New Orleans: “I hereby certify that on this 18 day of June, 1925, I delivered to James Marcelin at No. 1018 N. Liberty Street, between St. Philip and Ursuline, notice of delinquent State taxes for 1924 on Lot A. No. 14, Square No. 139, 8 Assessment District, assessed in the name of Felicie Villavaso for $2,500.
 

 “[Signed] Chas. S. Werling,
 

 “Deputy State Tax Collector for the City of New Orleans.”
 

 The defendant swore that she did not receive any notice at all.
 

 The deputy state tax collector testified, however, that he delivered the notice at the residence of defendant to James Marcelin, who stated to him that he was 17 years of age. James Marcelin is the son of the defendant, who was absent at the time.
 

 “ ‘The testimony of disinterested officer’s corroborating a public record which he made held to overcome-the denial under oath of party in interest as to notice required by Constitution of 1879, art. 210.’ Hansen v. Civil Sheriff et al., 52 La. Ann. 1565, 28 So. 167.” In re Interstate Land Co., 110 La. 286, 291, 34 So. 446, 448.
 

 It also appears from the testimony of Philip G. Yeith, plaintiff, and of Arthur H. Simonin, that they visited the defendant at her residence to ascertain if she had received the delinquent tax notice, and that she admitted to them that she had received it and had given it to her attorney.
 

 The trial judge believed the officer - who had made the service and the two other witnesses, and was satisfied that the notice had been served. We find no good reason for arriving at a different conclusion.
 

 The rental value of the property per month is established by the testimony of plaintiff, and no'testimony to the contrary appears in the record.
 

 Judgment affirmed.